**Ex parte John CAMPBELL, Relator.**

No. B–291.

Supreme Court of Texas.

July 19, 1967.

Gerald J. Smith, El Paso, for relator.

Pearson & Speer, D. Clark Hughes, El Paso, for respondent.

WALKER, Justice.

This is an original habeas corpus proceeding. It arises out of a divorce action in which John Campbell, relator, was ordered to pay, as temporary alimony and for child support, $150.00 on March 31, 1967, $150.00 on April 7, 1967, and a like amount on the 7th day of each succeeding month thereafter. The wife filed an application to hold relator in contempt for failing to comply with this order. After a hearing at which both parties appeared in person and by their attorneys, the district court entered a judgment reading, in part, as follows:

"It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Respondent, John Campbell, be, and he is hereby held guilty of wilful contempt of this Court by reason of his failure and refusal to make the payment on April 7, A.D. 1967, in full, his having only paid $50.00, being in arrears in the the amount of $100.00, and that his pun-

ishment for such contempt is here affixed by ordering him immediately committed to the County Jail of El Paso County, Texas, until the sum of $250.00 is paid in full, plus all costs in this behalf expended, or until the further order of this Court."

Relator was taken into custody and confined pursuant to this order until he was released upon our granting his application for a writ of habeas corpus. He contends that the order is void under the authority of Ex Parte Proctor, Tex.Sup., 398 S.W. 2d 917. There the contempt judgment did not recite the amount of the arrearage and did not purport to assess a fine but did fix the punishment at confinement for three days. It then provided that the husband should pay $550.00 to the wife as child support and further directed that he be released from custody upon the payment of such amount plus costs. The husband applied to us for a writ of habeas corpus after serving the three days in jail. We held that the judgment was void to the extent that he was required to pay $550.00 to obtain his release, because it did not appear that the same was ordered either by way of punishment or for the purpose of compelling compliance with the order he was alleged to have violated.

In our opinion the Proctor case is not controlling here. The order now under attack recites that relator was $100.00 in arrears and then directs that he be punished for such contempt by confinement until $250.00 and all costs have been paid. As we construe the judgment, it imposes a fine of $250.00. Under the provisions of Article 1911, Vernon's Ann.Tex.Civ. Stat., the court had no power to assess a fine of more than $100.00, but this does not mean that the judgment is wholly void. In Ex Parte Ellerd, 71 Tex.Cr.R. 285, 158 S.W. 1145, the applicant was fined $250.00 for disobeying an order of the district court. After granting a writ of habeas corpus, the Court of Criminal Appeals remanded the applicant to custody because it concluded

that he was not entitled to be discharged until payment of the $100.00 fine and costs which the district court could legally require him to pay. We are in agreement with this holding. It is in accordance with the general rule that where a court has jurisdiction of the person and the subject matter, an excessive sentence is not void ab initio and the person in custody thereunder cannot be discharged on habeas corpus until he has suffered or performed so much of the sentence as was within the power of the court to impose. See Ex Parte Pruitt, 139 Tex.Cr.R. 438, 141 S.W. 2d 333; Annotation, 76 A.L.R. 468, 476.

Relator is remanded to the custody of the Sheriff of El Paso County, but he is entitled to be discharged upon payment of a fine of $100.00 and costs. If he is not released when such fine and costs have been paid, we will entertain another application for a writ of habeas corpus.

SMITH, J., dissents.