1. Since Carey was held in contempt twice for the same reason, and his two petitions for writ

of habeas corpus raise identical legal issues, we will consider both petitions in this opinion.

**Ex Parte Richard L. CAREY.**

Nos. C–4005, C–4676.

Supreme Court of Texas.

Jan. 29, 1986.

Rehearing Denied March 5, 1986.

William A. Bratton, III, Dallas, for relator.

John E. Rapier, Jim Bowles, Dallas, for respondent.

PER CURIAM.

This is an original habeas corpus proceeding.[1] The trial court held Richard L. Carey, the defendant in a paternity suit, in contempt of court for violating two separate orders to appear for a blood test. The fines imposed by the two judgments exceed the contempt powers set out in TEX. GOV'T. CODE ANN. Sec. 21.001(b). Carey is remanded to the sheriff's custody for

discharge on payment of two $500 fines and costs.

An order signed August 17, 1984 required Carey to appear for a blood test on August 28. On March 27, 1985 the trial court held him in contempt for failure to appear for the blood test and ordered him incarcerated for 72 hours and until he paid a $5,000 fine and submitted to a blood test. We granted Carey's petition for writ of habeas corpus and released him from jail on the posting of a $1,000 bond.[2]

Thereafter, the trial court signed an order dated June 28, 1985 requiring Carey to submit to a blood test on July 2. On October 21 the trial court rendered a second contempt judgment based on Carey's failure to appear for the test, ordering him to jail for 72 hours and until he paid a fine of $25,000 and submitted to a blood test. We granted Carey's second petition for writ of habeas corpus and released him from jail on the posting of another $1,000 bond.[3]

On October 22 the trial court issued an order designating Carey the father of the child based on a jury verdict. This renders the requirement in the contempt judgments that Carey submit to a blood test moot. Since Carey remained in jail for at least 72 hours under each contempt order before we released him on bond, the only remaining issue for consideration is the amount of the fines imposed by the trial court.

Under TEX. GOV'T. CODE ANN. Sec. 21.001(b) the district court could not assess a fine of more than $500 for contempt. In *Ex parte Campbell*, 417 S.W.2d 585 (Tex. 1967), we held that a judgment of contempt assessing a fine of more than the statutory maximum was void insofar as it exceeded the court's contempt power. Therefore, the relator was remanded to the sheriff with orders that he be discharged upon the payment of the statutory fine and costs.

The contempt judgments in this case exceed the statutory limits under Sec. 21.001(b) by $4,500 and $24,500. Since the judgments conflict with the statute and our

holding in *Ex parte Campbell, supra,* we have reviewed Carey's petitions without hearing oral argument.

A majority of the court holds Richard L. Carey is remanded to the Sheriff of Dallas County, but he is entitled to be discharged upon payment of two $500 fines and costs. If he is not released when the fines and costs have been paid, we will entertain another petition for writ of habeas corpus.

---

2. Cause No. C–4005.

3. Cause No. C–4676.