**Ex parte Richard L. MINNS, Relator.**

**No. 01–94–01101–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1994.

William W. Kilgarlin, Santa Fe, NM, J. Bruce Bennett, Austin, Stanley G. Schneider, George M. Bishop, III, Houston, for relator.

Before COHEN, WILSON and HEDGES, JJ.

### OPINION

PER CURIAM.

 Richard L. Minns, the relator, was found guilty of criminal contempt for refusing Judge Garcia's orders to answer 50 questions during a post-judgment deposition seeking discovery of assets. Minns claimed the privilege against self-incrimination in response to all questions. The judge sentenced him to jail for six months and a fine of $500.00 for each of the 50 instances of contempt, totalling 25 years in jail and $25,-000.00 in fines. Minns claims the order is void because he could not be sentenced to more than six months in jail for criminal

contempt without having or waiving a jury trial. We agree. Therefore, we grant relief.

■ Both the United States Supreme Court and the Texas Supreme Court have held that criminal contempt cannot be punished with serious criminal penalties absent the full protection of a criminal jury trial. *United Mine Workers' of America v. Bagwell,* —— U.S. ——, ——, 114 S.Ct. 2552, 2560, 129 L.Ed.2d 642 (1994); *Ex parte Sproull,* 815 S.W.2d 250 (Tex.1991). The rule applies to both direct and constructive contempts. *Bagwell,* —— U.S. at ——, 114 S.Ct. at 2560. A serious criminal penalty is one exceeding six months confinement. *Codispoti v. Pennsylvania,* 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974). Minns neither had nor waived a jury trial.

The judgment creditor, Barbara Piotrowski Minns, contends this defect was cured when the judge signed an amended judgment that reduced the total sentence to six months in jail and a $500.00 fine. She contends this reduces the punishment to the level of a petty offense, for which there is no constitutional right to a jury trial. We conclude that the amended judgment is void.

■ The original contempt judgment was signed October 17, 1994. A trial court generally retains jurisdiction to modify its judgment for only 30 days after the judgment is signed. TEX.R.CIV.P. 329b(d). Any attempt to change a judgment after that period is void. *Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex.1983). The 30th day after October 17, 1994 was November 16, 1994. The trial court lost jurisdiction to change the judgment of contempt on November 16; thus, the amended judgment of November 17, 1994 is void.

Habeas corpus relief is granted. The judgment of contempt and order of commitment dated October 17, 1994 and the amended judgment of November 17, 1994 are both vacated, and relator Richard L. Minns is ordered released from any confinement under those orders.