**Ex parte Gerald D. ANDERSON.**

No. 95–0339.

Supreme Court of Texas.

June 15, 1995.

Rehearing Overruled July 21, 1995.

Calvin C. Otte, Dallas, for relator.

Chris Westall, Willie B. DuBose, Austin, for respondent.

PER CURIAM.

This is an original habeas corpus proceeding brought by Relator, Gerald D. Anderson, concerning the length of time between the trial court's pronouncement of contempt and the signing of the contempt and commitment order. Gerald and Sue Anderson were divorced in 1983. As part of the divorce, Gerald was ordered to pay monthly child support of $500 per child. After a hearing on November 10, 1994 on Sue's motion for enforcement of child support order, the trial court signed an Order Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and Commitment to County Jail. As a result, Gerald was ordered committed to the Midland County Jail until the arrearage was paid.

Gerald filed a petition for writ of habeas corpus with the court of appeals. Concluding that the order of contempt did not specify what actions Gerald had to take to purge himself of contempt, the court of appeals granted the writ of habeas corpus and held that the order of contempt was void. 893 S.W.2d 195. In addition, the court of appeals stated that the trial court did not need to conduct another hearing before entering another contempt order as long as the defects in the November 10 order were corrected. 893 S.W.2d at 197 n. 4. In late February 1995, Sue filed a motion to sign orders. On March 14, 1995, without a hearing, the trial court signed an Order Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and Commitment to County Jail which corrected the prior defects.

■ Gerald argues that the order of contempt was not signed sufficiently close to the time that the trial court found that Gerald was in contempt to satisfy due process requirements. We agree.

*Ex Parte Delcourt,* 888 S.W.2d 811 (Tex. 1994), governs this question. In *Delcourt,* after a hearing, the trial court found Delcourt in contempt and issued a contempt judgment and commitment order. Approximately two weeks later, while the first order was being considered by a court of appeals, the trial court issued a second contempt judgment and commitment order allegedly based on additional violations. There was no hearing in connection with the second orders. Subsequently, the court of appeals granted Delcourt's writ of habeas corpus concerning the first orders and Delcourt filed a petition for writ of habeas corpus in this court concerning the second orders. In granting Delcourt's writ of habeas corpus, this court stated:

> If that [second commitment] order be considered a new commitment, not issued under the first hearing, then it issued without notice and hearing and is void for denying Delcourt due process. Conversely, if the second commitment order issued as a result of the first contempt hearing, then no written commitment was signed sufficiently close to the time the judge pronounced the contempt to satisfy due process requirements, and Delcourt's commitment is again void for lack of due process. Under either possibility relator's due process rights have been violated and the trial court's actions conflict with the opinions of this court.

*Id.* at 812 (citations omitted).

■ In this case, the original contempt and commitment order was heard and signed on November 10, 1994. The court of appeals granted Gerald's writ of habeas corpus on January 26, 1995. On February 23, 1995, Sue filed a motion to sign orders. On March 14, 1995, without a hearing, the trial court signed a corrected contempt and commitment order. The corrected contempt and

commitment order was signed more than four months after the contempt hearing and almost two months after the court of appeals granted Gerald's habeas corpus and discharged him. We conclude that the trial court's actions conflict with *Ex Parte Delcourt* and that the corrected contempt and commitment order signed on March 14, 1995 is void.[1]

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court grants Gerald Anderson's petition for writ of habeas corpus and orders him discharged.

---

1. Gerald also argues that the trial court lost jurisdiction to change or modify its November 10, 1994 contempt order thirty days after the judgment was signed, citing *Ex Parte Minns*, 889 S.W.2d 16 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). *Ex Parte Minns*, relying upon Rule 329b(d) of the Texas Rules of Civil Procedure, held that a trial court losses jurisdiction to change or modify its "contempt judgment" thirty days after the judgment was signed. However, the court of appeals erroneously relied upon Rule 329b(d) which applies to judgments in general. Although *Ex Parte Delcourt* would prevent the trial court from changing or modifying its prior contempt order in this case, Rule 329b(d) would not. Contempt, which involves the inherent power of a trial court to enforce its orders, must be treated differently than a normal final judgment.