**Ex parte Sonya DeLEON, Relator.**

No. 96–0953.

Supreme Court of Texas.

May 8, 1998.

Rehearing Overruled Aug. 25, 1998.

Joanne Montague Hurtekant, David Michael Walsh, IV, Dallas, for Relator.

Robert A. Michael, Jeffrey E. Cook, Carlos Balidos, Dallas, David Kassabian, Arlington, Michael W. Minton, Fort Worth, Dale R. Rose, Arlington, Pamela Latric Dials, Robert C. Sullivan, Douglas A. Linebarger, Dallas, Richard Harrison, Sherman, for Defendants.

PER CURIAM.

Relator in this original habeas corpus proceeding contends that she was improperly sanctioned for contempt for refusing to answer questions on the ground of her Fifth Amendment privilege against self-incrimination. We agree.

The five county courts at law in Dallas County jointly appointed a master in chancery under Rule 171 of the Rules of Civil Procedure to preside over discovery in sixteen cases in which defendants alleged that the plaintiffs' attorney had staged automobile accidents in order to make fraudulent claims. The courts also adopted a procedure for witnesses to assert privileges during such discovery. The courts authorized the master to rule on discovery matters, subject to later review, but did not authorize him to enforce his rulings by contempt.

Defendants subpoenaed Sonya DeLeon, whom they believed to have been employed by the plaintiffs' attorney at one time. In response to questioning, DeLeon repeatedly asserted her Fifth Amendment privilege against self-incrimination. The master determined that DeLeon had no good faith basis for asserting the privilege in response to eleven of the questions and directed her to answer them. DeLeon refused. The master found DeLeon in contempt for refusing to answer the eleven questions.

At a hearing before one of the county courts at law, the judge upheld the master's ruling and asked DeLeon each of the eleven questions himself. DeLeon answered all but three questions, one asking for her social security number, another asking at what law offices she had been employed, and the last asking whether she had produced certain federal income tax returns in response to defendants' subpoena duces tecum. The court then held DeLeon in contempt for refusing to answer all eleven questions as directed by the master, and for refusing to answer three of the same questions as ordered by the court. The court imposed punishment of one day's incarceration and a $500 fine for each refusal to answer, but made the three days' incarceration and $1,500 fine for refusing to answer questions as ordered by the judge concurrent with the eleven days' incarceration and $5,500 fine for refusing to answer questions as directed by the master. The court also ordered that DeLeon remain in custody until she agreed to answer the three unanswered questions.

DeLeon petitioned the court of appeals for writ of habeas corpus. That court dismissed DeLeon's petition for want of jurisdiction, and DeLeon then petitioned this court for habeas corpus. We ordered DeLeon released on bond.

■ The court of appeals, like this Court, may issue a writ of habeas corpus when it appears that a person's liberty is restrained for violating "an order, judgment, or decree previously made, rendered, or entered by the court or judge" in civil cases. TEX. GOV'T CODE §§ 22.002(e), 22.221(d). The court of appeals held that it had no jurisdiction to issue habeas corpus if relator was in contempt for violating an oral order as opposed to a written one. The court based its holding on the requirement in the Rules of Appellate Procedure that relator attach a certified copy of the order violated to the petition for habeas corpus. TEX.R.APP. P. 52.3(j) (formerly TEX.R.APP. P. 120(b)(7)). But from this mere filing requirement of the rules it cannot be reasonably inferred that the Legislature intended in Sections 22.002(e) and 22.221(d) of the Government Code that this Court and the court of appeals would have jurisdiction to issue a writ of habeas corpus for a person

held in contempt in civil proceedings only if the order violated was written, and if the order was oral, relief could be obtained only from the Court of Criminal Appeals. *See* TEX. CONST. art. V, § 5. Moreover, we have exercised jurisdiction over habeas corpus cases involving violations of oral orders. *Ex parte Butler,* 522 S.W.2d 196 (Tex.1975); *Ex parte Flournoy,* 158 Tex. 425, 312 S.W.2d 488 (1958). So has the court of appeals. *Ex parte Minns,* 889 S.W.2d 16 (Tex.App.— Houston [1st Dist.] 1994, no writ). The jurisdiction of this Court and the court of appeals to issue habeas corpus is not limited to contempt for violation of written orders.

The court of appeals also held that it lacked jurisdiction because the orders to DeLeon to answer questions were contemporaneous with her refusals and thus were not "previously made" within the meaning of the jurisdiction statute. Again we disagree. Jurisdiction to issue habeas corpus does not depend on how much time elapsed between the order and the violation. The statutory language refers only to the fact that a person can not be cited for contempt for violating an order only later issued.

DeLeon argues that she was improperly held in contempt for violating the master's directives. We agree. The master was not authorized to enforce his rulings by contempt. Even if he could have been so empowered, an issue we do not decide, his rulings were subject to review by the county court. DeLeon's refusals to answer would have been in direct contempt of the master's directives, but they would have been only constructive contempt with respect to the court. Before the court could determine whether DeLeon should have been held in contempt for refusing to answer questions as directed by the master, it would thus have been required to serve written notice on DeLeon specifying the allegedly contemptuous conduct. *See In re Oliver,* 333 U.S. 257, 275–276, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Ex parte Herring,* 438 S.W.2d 801, 803 (Tex. 1969). DeLeon was given no such notice.

DeLeon also argues that she had a good faith basis for asserting her Fifth Amendment privilege to the three questions she refused to answer before the court and should not therefore have been held in contempt. We agree. In *Ex parte Butler,* 522 S.W.2d 196, 198 (Tex.1975), we stated:

> When a witness refuses to answer upon [his Fifth Amendment privilege], he is not the exclusive judge of his right to exercise the privilege. The judge is entitled to determine whether the refusal to answer appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. The inquiry by the court is necessarily limited, because the witness need only show that an answer to the question is likely to be hazardous to him; the witness cannot be required to disclose the very information which the privilege protects. Before the judge may compel the witness to answer, he must be "perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency to incriminate."

(citations omitted) (quoting *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)). In the present case, defendants alleged that plaintiffs' attorney had participated in a scheme amounting to insurance fraud, which is a state crime, TEX. PENAL CODE § 35.02, and perhaps also a federal crime. *See United States v. Duncan,* 919 F.2d 981, 990–991 (5th Cir.1990), *cert. denied,* 500 U.S. 926, 111 S.Ct. 2036, 114 L.Ed.2d 121 (1991) (upholding criminal convictions under 18 U.S.C. § 1341). DeLeon points out that other persons connected with plaintiffs' attorney were investigated and charged with crimes. DeLeon's employment with the attorney might well have implicated her. Information from her tax returns would have revealed her employer. Her social security number might even be used to verify her employment. In these circumstances, we cannot say that DeLeon was not in good faith in asserting her Fifth Amendment privilege, especially given that she answered eight of the eleven questions asked by the court.

Accordingly, without hearing oral argument, we grant DeLeon's petition for writ of

habeas corpus and order her discharged. TEX.R.APP. P. 52.8(c)

HANKINSON, Justice, did not participate in the decision.