Petition for Writ of Habeas Corpus Granted and Opinion filed December__,
2002














Petition for
Writ of Habeas Corpus Granted and Opinion filed December 16, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01070-CV

____________

 

IN RE SAM HOUSTON, Relator

 

______________________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

______________________________________________________________

 

O P I N I O N

            Relator, Sam Houston, filed a petition for writ of habeas
corpus and motion for emergency relief in this Court.  See
Tex. Gov’t. Code Ann. §
22.221(d); see also Tex. R. App. P. 52.  He sought to set aside the judgment of
contempt signed October 18, 2002 by the Hon. Sharolyn
Wood, respondent, ordering him confined to the Harris County jail until he paid
a $500 fine and complied with an injunction order of September 9, 2002, in
Cause No. 2002-43787 (consolidated with No. 2002-43861), styled Sam Houston v. Millennium Insurance Agency,
Inc., and Mike Stroman v. Rebecca R. Johnson and
Steven Burdette.  We hold the judgment
of contempt is void and grant habeas corpus relief.

            The underlying case involves a dispute over insurance
files.  Relator
was formerly employed by Millennium Insurance Agency, Inc.  When he learned he would be fired, he removed
certain files from the office to another location.  Each side in the dispute obtained temporary
restraining orders against the other, and on September 5, 2002, the trial court, with Judge Martha
Hill Jamison presiding, conducted a temporary injunction hearing.  On September 9, 2002, Judge Jamison signed a temporary
injunction order directing relator and a business
associate[1] to return
the disputed files, in relevant part as follows:

Sam Houston and Steve Burdette will copy all the files
in their possession as of September 5, 2002, including without limitation all files previously in
the possession of Millennium Insurance Agency, Inc., provide the original
policy files and their complete contents to Millennium and retain the copies.

 

The September 9 order required the
parties to “complete” this directive within twenty-one days.  

            On
October 4, 2002, Millennium filed a motion to show cause
why relator should not be held in contempt for
violating the September 9 injunction order. 
Millennium asserted that relator had only
returned incomplete portions of the files. 
In the show cause notice, Millennium requested the court:

find SAM HOUSTON in contempt of court, set a hearing
where SAM HOUSTON show cause as to why he should not be held in contempt of
this Court’s previous Order or enforce the September 9, 2002 Order currently in
place and require SAM HOUSTON to return all original records; that SAM HOUSTON
be ordered to pay attorney fees [sic]
MILLENNIUM INSURANCE AGENCY, MICHAEL STROMAN and LARRY J. STROMAN for the
filing and enforcement of the Court’s Order, and any and all further relief movants may justly be entitled.

 

            The
trial court, with respondent Judge Sharolyn Wood
presiding, conducted a hearing on the motion for contempt on October 8, October
16, and October 18, 2002. 
On October 8, the court gave relator until 4:00 p.m. on October 14 to turn over “all of
the files in their possession as of September 5, 2002,” and continued the hearing.  When the hearing resumed, relator
maintained he had complied with the injunction order and returned all files, comprising
at least twenty-three boxes of documents. 
At the hearing, there was testimony that approximately four or five
documents were not included in the files returned to Millennium.  At the conclusion of the hearing, the trial
court stated her findings as follows:

            The
Court finds that Sam Houston is in contempt of the Court’s September 9th,
 2002 order by blatantly
refusing to return the files as ordered by Judge Jamison.  Punishment for that is assessed at a $500
fine and three days in jail.  That’s the
criminal contempt.

 

            In
addition, the Court finds defendant Sam Houston is found guilty of civil
contempt and shall be held by the sheriff until the documents as itemized that
will attached [sic] to the order of
confinement – order of contempt have been produced.  There is a three-day sentence.  That will get us to Monday morning.  All counsel are
instructed to return at 8:30
Monday morning.  The prisoner will be
here.  Let’s hope the documents are here.
. . . 

 

            The
trial court then signed a judgment of contempt on October
 18, 2002,
which recited in relevant part as follows:

            The
Court finds that SAMUEL T. HOUSTON is guilty of violation of the temporary
Injunction in the following particulars:

 

            a.         Houston refused to return all original policy files and their
complete contents to Millennium.

 

            b.         To date, during this hearing Houston has returned only incomplete portions and pieces of
the original files taken from Millennium and correspondence to and from the
customers, customer information and insurance policy information has been
withheld.

 

            IT IS
THEREFORE, ORDERED, ADJUDGED, AND DECREED that SAMUEL T. HOUSTON is in contempt
of this Court for violation of the Temporary Injunction dated September 5, 2002
in each of the following particulars:

 

            a.         Houston failed and refused to return all original policy
files and their complete contents to Millennium pursuant to the temporary
injunction order.

 

            b.         During this hearing, Houston has returned only incomplete portions and pieces of
the original files taken from Millennium and correspondence to and from the
customers, customer information and insurance policy information has been
withheld.

 

            IT IS
FURTHER ORDERED, ADJUDGED, AND DECREED that the following punishment is imposed
on SAMUEL T. HOUSTON for these acts of contempt:

 

            a.         For failing to return all original
policy files and their complete contents to Millennium, Houston is fined $500.00 and is to be confined in the Harris
County Jail for three days and thereafter until he has complied with the
Temporary Injunction Order signed by Judge Martha Hill Jamison on September 5, 2002, as set out below.

 

            b.         For returning only incomplete portions
and pieces of the original files taken from Millennium, and withholding
correspondence to and from customers, customer information and insurance policy
information, Houston is to be confined in the Harris County Jail until he
has complied with the Temporary Injunction Order signed by Judge Martha Hill
Jamison on September 5, 2002.  

 

Despite the trial court’s
statement at the hearing that the list of missing documents would be attached
to the judgment, there is no attachment listing the specific documents relator was found not to have produced.  In addition, the judgment incorrectly refers to
a Temporary Injunction Order signed on September 5, 2002, when the order in this case was not
signed until September 9.  While one may
infer that the orders are the same, interpretation of a judgment “should not
rest upon implication or conjecture.”  Ex Parte Acker,
949 S.W.2d 314, 317 (Tex. 1997) (quoting Ex
parte Blasingame, 748
S.W.2d 444, 446 (Tex. 1988)).  

            In accordance with the court’s announcement at the
conclusion of the contempt hearing on Friday, October 18, relator
was jailed over the weekend, and then returned to the court for further
proceedings on Monday, October 21.  At
the end of that day, the trial court issued an order finding that relator had served the period of confinement and produced
the documents required by the temporary injunction order of September 9, 2002
and thus had purged himself of civil contempt. 
However, as relator had not paid the $500 fine,
the trial court ordered that he “shall remain in custody until he has paid such
fine levied as criminal contempt of court.” 


            On October 21, 2002, this Court granted relator’s request for emergency relief and petition for
writ of habeas corpus, pending final determination of the cause.  We further ordered the Clerk of this Court to
issue a writ of habeas corpus, and ordered relator
released from confinement on his own recognizance pending the hearing on December
 4, 2002.  On that date, relator’s
counsel informed the Court during oral arguments that relator
had been served with a second amended order of contempt on December
 3, 2002.  Our record has now been supplemented with a
sworn copy of that order.  See Tex.
R. App. P. 52.7(b).  The order refers to the court’s previous
finding of contempt on October 18, 2002, and the $500 fine assessed as
punishment, and requires relator to “pay such fine
levied as criminal contempt of court on or before December
 16, 2002.”  

            Relator raises four issues in
this proceeding attacking the judgment of contempt as void.  First, he asserts relief must be granted
because the September 9 injunction order does not require compliance in
specific and unambiguous terms.  In
addition, he asserts the judgment of contempt and confinement order are vague, ambiguous, and lack sufficient notice of
the requirements for compliance.  We
agree with these contentions.

            An original habeas corpus proceeding is a collateral
attack on a contempt judgment.  Ex parte
Rohleder, 424 S.W.2d 891, 892 (Tex. 1967); In re Markowitz,
25 S.W.3d 1, 2 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). 
A writ of habeas corpus will issue if the contempt order is void because
it deprives the relator of liberty without due
process of law, see Ex parte Swate, 922 S.W.2d 122,
124 (Tex. 1996), or because the order of contempt was beyond the power of the
court to issue.  See Ex parte
Barnett, 600 S.W.2d 252, 254 (Tex. 1980); Ex parte Barlow, 899
S.W.2d 792, 794 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). 

            The alleged contempt in this case is constructive
contempt because the production of documents (or lack thereof) occurred outside
the court’s presence.  Ex parte Chambers,
898 S.W.2d 257, 259 (Tex. 1995).[2] 
The contempt judgment appears to be a hybrid one, containing both
punitive and coercive elements, although there is no mention of “criminal
contempt” in any judgment, only in the trial court’s October 21 “Order.”  See Ex parte Sanchez, 703 S.W.2d 955, 957 (Tex. 1986) (holding that a court can
issue a “hybrid” order, combining elements of both punishment and coercion).
The order of three days’ incarceration (already completed) is one for criminal contempt, the order conditioning relator’s
release upon compliance with the injunction is coercive and constitutes a civil
contempt.  

            At issue here is only the trial court’s order that relator be confined until he pays the $500 fine.  The Texas Constitution prohibits imprisonment
for the failure to comply with an order to pay a “debt.”  Tex.
Const. Art. 1, § 18. (“No person shall ever be
imprisoned for debt.”).  An order to pay
money may be enforced by other legal processes, such as execution or attachment
of property, but not by imprisonment of the adjudicated debtor.  Ex parte Hall, 854 S.W.2d 656, 658 (Tex. 1993). 
An order of confinement for failure to pay a debt violates the
constitution, is void, and may be attacked in a habeas corpus proceeding.  Ex parte Jackson, 590 S.W.2d 775,
776 (Tex. Civ. App.—El Paso 1979, orig. proceeding). 
We note, however, that Texas courts have recognized that criminal
fines are not debts, and incarceration for failure to pay those fines is not
constitutionally prohibited.  See, e.g., Dixon v. State,
2 Tex. 481 (1847); Ex parte
Carey, 704 S.W.2d 13, 14 (Tex. 1986) (per curiam); Ex parte Wagner, 905 S.W.2d 799, 802 (Tex. App.—Houston
[14th Dist.] 1995, orig. proceeding).  Because we hold, as
is more fully discussed below, that the contempt judgment in this case is void,
and any punishment imposed based upon the alleged contempt is also void, we
need not determine whether a fine imposed as punishment for contempt arising
out of a civil proceeding is a debt for which incarceration is prohibited.

            After review of the record on file in this proceeding, we
conclude the judgment of contempt cannot withstand the heightened burden
required before criminal punishment may be imposed.  Civil contempt proceedings are quasi-criminal
in nature, and the contemnor is entitled to procedural due process throughout
the proceedings.  Ex parte Johnson,
654 S.W.2d 415, 420-21 (Tex. 1983). 
Among these procedural due process rights is the right to reasonable
notice of each alleged contumacious act. 
The due process requirement is one of “full and complete notification”
of the charges alleged with a reasonable opportunity to meet the charges by
defense or explanation.  Ex parte Gordon,
584 S.W.2d 686, 688 (Tex. 1979); see also
Ex parte Edgerly, 441
S.W.2d 514, 516 (Tex. 1969).  In
addition, a criminal contempt conviction for disobedience of a court order
requires proof beyond a reasonable doubt.  Ex parte Chambers,
898 S.W.2d at 259.  The Texas Supreme
Court has long held that contempt proceedings in Texas should conform as nearly as
practicable to those in criminal cases.  Ex parte Johnson,
654 S.W.2d at 419.  These proceedings
fail in several respects.

            First, the injunction order is not sufficiently specific
to permit enforcement by contempt.  To be
enforceable by contempt, a decree must “set forth the terms of compliance in
clear, specific and unambiguous terms so that the person charged with obeying
the decree will readily know exactly what duties and obligations are imposed
upon him.”  Ex parte Acker, 949 S.W.2d at 317
(quoting Ex parte
Chambers, 898 S.W.2d at 260).  The
order may not be susceptible to more than one interpretation.  Ex parte Glover, 701 S.W.2d 639, 640 (Tex. 1985). 
By requiring relator to copy “all files,” but then ordering him to
provide “the original policy files and
their complete contents,” the order required interpretation as to whether relator had to return more than original policy files.  (emphasis
supplied).  Relator
believed the injunction order required return of original policy files, but at
the hearing on October 8, the trial court interpreted the order to mean that
“all files” in relator’s possession as of September 5
had to be returned.  

            The same specificity requirement applies to the judgment
of contempt as well.  A contempt order is
insufficient if its interpretation requires inferences or conclusions about
which reasonable persons might differ.  Ex parte
Durham, 921 S.W.2d 482,
486 (Tex. App.—Corpus Christi 1996, orig. proceeding). 
Where civil contempt is imposed, the contempt order must spell out
exactly what duties and obligations are imposed and what the contemnor can do
to purge the contempt.  Ex parte
Proctor, 398 S.W.2d 917, 918 (Tex. 1966); Durham, 921 S.W.2d at
482.  Absent the attachment listing documents to be
returned, the contempt judgment in this case does not inform relator what documents must be returned in order to purge
himself of contempt.

            The motion for contempt and show cause is also
lacking.  “Due process of law demands
that before a Court can punish for a contempt not committed in its presence,
the accused must have full and complete notification of the subject matter, and
the show cause order or other means of notification must state when, how, and
by what means the defendant has been guilty of the alleged contempt.”  Ex parte Edgerly,
441 S.W.2d 514, 516 (Tex. 1969). 
A constructive contemnor must be given complete notification and a
reasonable opportunity to meet the charges by way of defense or
explanation.  Ex parte Gordon, 584 S.W.2d at 688.  A contempt judgment rendered without proper
notification is a nullity.  Id.  Among the due process
rights accorded an alleged contemnor is the “right to reasonable notice of each
alleged contumacious act.”  Ex parte Brister,
801 S.W.2d 833, 835 (Tex. 1990) (Cook, J., concurring).  Without that notice, the contempt judgment is
void.  Ex parte Gordon, 584 S.W.2d at 688.  Here, not only did the show cause notice fail
to advise relator of the specific acts of contempt,
it also failed to provided notice that criminal confinement and a criminal
penalty would be sought as punishment.

            In sum, we find several deficiencies in the contempt
proceedings in this case.  First, the
September 9 injunction order is vague in its description of what documents relator was required to produce.  Furthermore, neither the show cause motion nor the contempt judgment describes the
specific documents that relator is alleged to have
failed to produce in violation of the injunction.  Both the show cause notice
and the judgment state that relator returned “only
incomplete portions and pieces of the files.” 
The contempt judgment further states relator
violated the injunction in “withholding correspondence to and from customers,
customer information and insurance policy information.”  By failing to identify the customer files to
which the order refers, this additional statement provides no greater
specificity.  Moreover, it is unclear
from the language in the injunction that these additional documents were
required to be produced.  We conclude the
record before this Court does not contain proof beyond a reasonable doubt that relator violated the September 9, 2002 injunction.  

            We hold that the judgment of contempt signed October
 18, 2002,
and all modifications and amendments thereto, are void.  The trial court may not modify a contempt
judgment weeks after the original judgment has been entered and relator has sought habeas relief.  See Ex parte Delcourt, 888 S.W.2d
811, 812 (Tex. 1994) (rejecting trial court’s subsequent additional contempt
judgments and commitments signed weeks later); see also Ex parte Anderson, 900 S.W.2d
333, 335 (Tex. 1995) (holding corrected contempt and commitment order signed
more than four months after contempt hearing and almost two months after
appellate court had granted habeas corpus not sufficiently close in time to
contempt finding to satisfy due process requirements).  

            We grant habeas corpus relief and order relator, Sam Houston, discharged from the obligations
contained in the trial court’s judgment of contempt and order of confinement
signed October 18, 2002, and he is further ordered discharged from any and all
amended or modified contempt judgments based upon the contempt hearings
conducted on October 8, 16, and 18, 2002.

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Opinion filed December December 16, 2002.

Panel consists of Chief Justice Brister and Justices
Hudson and Senior Chief Justice Murphy.[3]

Publish — Tex. R. App. P. 47.3(b).











               [1]  Although Millennium also sought to hold Steve
Burdette in contempt, he was found not guilty and is not a party to this
proceeding.





                [2]  Criminal
contempt is punishment for past disobedience to a court order that constitutes
an affront to the dignity and authority of the court.  Ex parte Werblud,
536 S.W.2d 542, 545-46 (Tex. 1976).  Civil contempt,
by contrast, is remedial and coercive in nature; one may procure release by
compliance with the provisions of the order of the court.  Id.  





               [3]  Senior Chief Justice Paul
C. Murphy sitting by assignment.