In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00048-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


KIMBERLY MCKINNON WHITE AND

MICHAEL WAYNE WHITE AND IN THE

INTEREST OF MCKINNON BARRETT WHITE

AND KUTTER DALE WHITE, CHILDREN




 


On Appeal from the 307th Judicial District Court


Gregg County, Texas


Trial Court No. 2004-1849-DR




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Michael Wayne White argues the trial court was without jurisdiction to enter an order
December 21, 2006, requiring him to pay his ex-wife, Kimberly McKinnon White, for her attorney's
fees. We affirm the judgment of the trial court. 

 Kimberly and Michael (1) were divorced December 9, 2005. By the terms of the divorce decree,
Michael was to pay Kimberly several installment payments as a part of the property division. The
parties were appointed joint managing conservators of their children, and visitation and access were
specified in the divorce decree. In August 2006, Kimberly filed a motion for enforcement alleging
Michael had failed to comply with the terms of the divorce decree.

 The Texas Family Code has several provisions regarding continuing jurisdiction of the trial
court. The trial court retains jurisdiction to enforce the division of property. Tex. Fam. Code Ann.
§ 9.006 (Vernon 2006). In a suit affecting a parent-child relationship, the trial court retains
continuing, exclusive jurisdiction of the parties and matter after it renders a final order. Tex. Fam.
Code Ann. §§ 155.001(a), 155.002 (Vernon 2002). (2) There is no dispute that this trial court was the
family court of continuing jurisdiction--this court had rendered the final divorce decree and thereby
retained jurisdiction to enforce the provisions of the decree. From the record, it is evident that the
parties had controversies concerning adherence to the terms of the divorce decree.

 After a hearing on Kimberly's motion to enforce, the trial court entered an order dated
September 1, 2006, found Michael in contempt, and ordered that he be confined to the Gregg County
jail. After a few days, Michael petitioned the court for his release, explaining that he had paid the
financial obligations, and attached a letter from his physician regarding the deteriorating condition
of his health. As a result, and after some negotiation, the parties agreed, and the trial court ordered
on September 22, 2006, that Michael would be released from jail if he complied with very restrictive
conditions: he was to complete a thirty-day alcohol treatment program at Oak Haven in Marshall,
and then he was to enter an extensive in-patient extended care treatment program for sixty days at
Jolimar Summit Recovery Center in Mississippi. The order further provided that, if Michael failed
to complete either part of the treatment program, he would be returned to the Gregg County jail to
complete his sentence. Further, on his successful completion of the treatment programs, Michael
was to "appear before this Court at 9:00 o'clock a.m. on the first business day after his release by the
treatment facility in order that the Court may determine whether or not he shall complete the
remainder of his sentence." Michael was to visit his children after his release from Oak Haven and
before he was admitted to the Mississippi facility "for a period of two hours to be agreed upon
between Petitioner's and Respondent's attorneys." These provisions demonstrate that further court
and attorney actions were contemplated and necessary to fulfill and enforce the terms of the
September 22, 2006, conditional release order. 

 On October 5, 2006, Kimberly filed a motion for additional attorney's fees alleging that fees
had been incurred due to Michael's request to be released from jail, informal conferences between
the attorneys and the judge, and negotiating the release terms. Michael then filed his motion for
clarification November 22, 2006. In that motion, Michael requested the court to set a specific date
for him to appear in court for its determination of whether he must complete the remainder of his
sentence. He further requested that his visitation be restored as set out in the final decree of divorce,
and he petitioned for attorney's fees. On December 4, 2006, the trial court entered an order stating
Michael was to remain in the Jolimar Center with no furloughs or passes. If he left the premises for
purposes other than treatment, he was to report to the Gregg County jail. Further, that order was to
remain in effect until January 8, 2007. If Michael was released before that date, he was ordered to
appear before the court on the first business day after his release for a determination of whether he
had to serve the remainder of his sentence. 

 The controverted order was entered December 21, 2006. After a hearing, the trial court
ordered that Michael pay for Kimberly's additional attorney's fees. Michael argues that the trial court
had lost jurisdiction to enter such an order. 

 Michael's argument is that, at the time the trial court entered its order for additional attorney's
fees, more than thirty days had elapsed since the September 1, 2006, judgment of contempt and,
therefore, the court had no authority to act. He cites the general rule on finality of judgments. See
Tex. R. Civ. P. 329b(d); see also Tex. R. Civ. P. 306a. Whether a court has subject-matter
jurisdiction is a question of law. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004); Alpert v. Crain, Caton & James, P.C., 178 S.W.3d 398, 409 (Tex. App.--Houston [1st
Dist.] 2005, pet. denied). We review the issue de novo. Tex. Dep't of Parks & Wildlife, 133 S.W.3d
at 226; Alpert, 178 S.W.3d at 409.

 We do not agree that the trial court had no authority to act in this instance. Rule 329b, which
limits a trial court's plenary power to alter a judgment, does not apply to contempt orders. See
Ex parte Anderson, 900 S.W.2d 333, 335 n.1 (Tex. 1995); In re Hammond, 155 S.W.3d 222 (Tex.
App.--El Paso 2004, orig. proceeding). A judgment of contempt is not appealable. Contempt,
which involves the inherent power of a trial court to enforce its orders, is treated differently than a
normal final judgment. Anderson, 900 S.W.2d at 335 n.1. The plenary power constraints of Rule
329b do not apply in this case. See In re Naylor, 120 S.W.3d 498 (Tex. App.--Texarkana 2003,
orig. proceeding). 

 As has been demonstrated by the discussion above, this matter was an ongoing controversy
filed in the court of continuing jurisdiction. The Legislature has granted the trial court that entered
the final divorce decree the authority to enforce its judgment. We find the motion for additional
attorney's fees was filed during an ongoing controversy regarding the enforcement of the decree. At
the time the trial court entered this order, Michael was in the process of completing his alcohol
treatment, in lieu of incarceration. (3) After he completed it, he was to reappear in that court. The final
resolution of the contempt order, which was issued for the violation of the divorce decree, was still
pending before that court when it entered the order for additional attorney's fees. 

 Having found that the court had the authority to enter such an order, we overrule Michael's
point of error and affirm the judgment for additional attorney's fees. 

 



 Jack Carter

 Justice


Date Submitted: August 8, 2007

Date Decided: October 11, 2007

1. For clarity, we will refer to the parties by their first names.
2. The court retains jurisdiction to enforce child support arrearage until paid. Tex. Fam. Code
Ann. § 157.269 (Vernon 2002). No child support arrearage is involved here. 
3. The record shows he returned to the Jolimar Center December 3, 2006.