**Opinion issued July 29, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00202-CV

———————————

## IN RE KENDRICK EARL EDWARDS, Relator

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Relator, Kendrick Earl Edwards, has filed a petition for writ of habeas corpus, challenging the trial court's order holding him in criminal and civil contempt for failure to pay child support and commanding that he be confined to jail for 180 days for each of eighty-six violations, to be served concurrently, and thereafter until he pays the child-support arrearage, attorney's fees, and costs. In four issues, Edwards contends that the trial court order (1) was issued without

notice and hearing, (2) was signed too long after the contempt hearing, (3) does not unambiguously state the manner in which he allegedly violated the underlying child-support order, and (4) violates the constitutional prohibition against double jeopardy. In a fifth and alternate issue, Edwards contends we should issue a writ of mandamus because the trial court's order is void and a clear abuse of discretion, and he has no adequate remedy by appeal. We grant Edwards's petition for writ of habeas corpus and vacate the order of contempt.

## Background

In September 2010, real party in interest, Jenny Itam, moved to enforce a child support order and hold Edwards in contempt. She alleged that Edwards failed to pay child support in the amount of $500 per month as ordered in the parties' 2002 divorce decree.[1] On November 11, 2010, the trial court found that Edwards failed to pay child support in the amount of $500 per month from June 8, 2003, to November 8, 2010; held that each of ninety failures to pay support constituted a separate act of contempt; and ordered Edwards confined for 180 days for each violation, with the periods of confinement to run concurrently. The trial court additionally ordered that, upon serving his criminal contempt sentence, Edwards

---

[1] The underlying proceeding is *In the Interest of M.S.E., a Minor Child*, cause number 2010-56770, in the 309th District Court of Harris County, Texas, the Honorable Sheri Y. Dean presiding. Itam did not respond to this Court's request for a response. *See* TEX. R. APP. P. 52.4, 52.8(b).

was to remain confined until he purged himself of contempt by paying child support arrearages, attorney's fees, and costs.

Edwards filed a petition for writ of habeas corpus with this Court. We held that the November 11, 2010 contempt order was void because it did not contain the provisions of the underlying support order, vacated the contempt order, and ordered Edwards discharged from custody. *In re Edwards*, No. 01-10-00992-CV, 2011 WL 2089805, at *4 (Tex. App.—Houston [1st Dist.] May 18, 2011, orig. proceeding) (mem. op.).

More than one year later, on July 3, 2012, Itam filed a "Motion to Enter Order Holding Respondent in Contempt for Failure to Pay Child Support and for Commitment and Judgment for Unpaid Child Support," asking the trial court to sign a new order holding Edwards in contempt for failure to pay child support, ordering him committed, and awarding judgment for unpaid child support. On July 6, 2012, the trial court signed an order, finding that Edwards failed to pay child support and was guilty of a separate act of contempt for each "failure to pay child support in the amounts ordered in violations 1-86." The court ordered Edwards confined for 180 days for each violation, with the periods of confinement to run concurrently, and thereafter until he purged himself of contempt by paying $45,380.03 in child support arrearage, $8,500 in attorney's fees, and $63.00 in costs. The court further awarded Itam judgment for the child-support arrearage,

attorney's fees, and costs. On July 6, 2012, the trial court clerk issued a writ of commitment, which has not been executed and returned. Several months later, Edwards filed this proceeding.

## Standard of Review

Texas courts of appeals have very limited jurisdiction over habeas corpus proceedings. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). The purpose of a habeas corpus proceeding is not to determine a relator's ultimate guilt or innocence, but to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *In re Munks*, 263 S.W.3d 270, 272 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). A writ of habeas corpus will issue if a trial court's contempt order is void because the court was without the power to issue the order or afford the relator due process of law. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005). The relator has the burden to show that a contempt order is void and not merely voidable. *Munks*, 263 S.W.3d at 272–73. Until the relator has discharged his burden of showing his entitlement to relief, the contempt order is presumed valid. *In re Parr*, 199 S.W.3d 457, 460 (Tex. App.— Houston [1st Dist.] 2006, orig. proceeding). On review, we do not weigh the proof and determine whether it preponderates for or against the relator; we determine only whether the contempt order is void. *Ex parte Chambers*, 898 S.W.2d 257, 259–60 (Tex. 1995).

4

**Discussion**

**A.      Edwards is restrained**

Because a writ of habeas corpus secures release from unlawful custody, a relator must show that he has undergone a restraint of liberty. *In re Parker*, No. 14-08-01070-CV, 2008 WL 5132558, at *1 (Tex. App.—Houston [14th Dist.] Dec. 4, 2008, orig. proceeding) (mem. op.) (citing *In re Ragland*, 973 S.W.2d 769, 771 (Tex. App.—Tyler 1998, orig. proceeding)). Although actual confinement is the typical restraint of liberty, courts have extended the meaning of the term "restraint of liberty" beyond actual imprisonment. *See Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (holding that contemnor who was sentenced to jail and released on bond was sufficiently restrained to justify issuance of writ of habeas corpus); *In re Bourg*, No. 01-08-00618-CV, 2008 WL 3522241, at *2 (Tex. App.—Houston [1st Dist.] Aug. 12, 2008, orig. proceeding) (mem. op) (citing *In re Aguilera*, 37 S.W.3d 43, 47 (Tex. App.—El Paso 2000, orig. proceeding)) ("Issuance of a capias is a sufficient restraint of liberty to justify habeas corpus relief."). Here, we conclude that Edwards's liberty is restrained because a writ of commitment for his arrest has been issued and is outstanding. *See In re Acevedo*, No. 13-05-00335-CR, 2005 WL 1714310, at *1 (Tex. App.—Corpus Christi July 22, 2005, orig. proceeding) (mem. op.) (citing *Ex parte Casillas*, 25 S.W.3d 296, 297 n.1 (Tex. App.—San Antonio 2000, orig. proceeding)) (construing relator's petition as

5

petition for writ of habeas corpus when writ of attachment was issued and outstanding).

**B.** **The trial court did not sign the contempt order sufficiently close in time to the contempt hearing**

In his second issue, Edwards contends that the July 3, 2012 contempt order is void because it was entered too long after the November 2011 hearing on Itam's motion for enforcement. We agree.

In *Ex parte Anderson*, the Texas Supreme Court held that a corrected contempt and commitment order, signed more than four months after the contempt hearing and almost two months after an appellate court granted relator habeas relief, was void because the order was not signed sufficiently close in time to the contempt finding to satisfy due process requirements. 900 S.W.2d 333, 334–35 (Tex. 1995) (orig. proceeding). In *Anderson*, the trial court found relator in contempt and ordered him confined until he paid the child-support arrearage after a hearing on the real party in interest's motion to enforce a child-support order. *Id.* at 334. Relator filed a petition for writ of habeas corpus with the court of appeals. *Id.* After that court concluded that the contempt order was void, the trial court signed a second contempt order. *Id.* The supreme court held that the second order was not signed sufficiently close in time to the trial court's contempt finding to satisfy due process requirements. *Id.*; *see In re Sellers*, 982 S.W.2d 85, 87 (Tex. App.—Houston [1st Dist.] 1998, orig. proceeding) (citing *Ex parte Delcourt*, 888 S.W.2d

811, 812 (Tex. 1994) (orig. proceeding)) (holding that second commitment order issued more than two weeks after contempt hearing was void because not signed sufficiently close in time to trial court's pronouncement of contempt to satisfy due process requirements); *see also In re Houston*, 92 S.W.3d 870, 878 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) ("The trial court may not modify a contempt judgment weeks after the original judgment has been entered and relator has sought habeas relief.").

The facts of *Anderson* are similar to the facts in this case. In November 2010, the trial court heard Itam's motion for enforcement and signed an order holding Edwards in contempt. He sought relief in this Court, which held that the order was void because it did not comply with Family Code requirements, vacated the order, and ordered Edwards discharged from custody. *In re Edwards*, 2011 WL 2089805, at *4.

More than one year later, Itam returned to the trial court and filed her motion to enter an order holding Edwards in contempt, asking the trial court to "enter and sign" the order attached to her motion as an exhibit. The trial court signed the contempt order at issue in this proceeding, which although it recites that "[o]n November 11, 2010 the Court heard Movant's Motion for Enforcement of Child Support Order by Contempt," was not signed until July 6, 2012. We conclude that the July 6, 2012 order was not signed sufficiently close in time to the contempt

hearing to satisfy due process requirements and is void. *See Ex parte Anderson*, 900 S.W.2d at 334–35; *Ex parte Delcourt*, 888 S.W.2d at 812; *In re Sellers*, 982 S.W.2d at 87 (citing *Ex parte Delcourt*, 888 S.W.2d at 812). We sustain Edwards's second issue.

## Conclusion

Because we sustain Edwards's second issue, we need not address his remaining issues. We grant Edwards's petition for writ of habeas corpus. We vacate the trial court's order, signed on July 6, 2012, holding him in contempt and ordering that he be confined, and the writ of commitment, issued on July 6, 2012. To the extent Edwards is in custody pursuant to the July 6, 2012 writ of commitment, we order him discharged.


Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.