

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00098-CV

**EX PARTE** Armando **HERNANDEZ**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:  Karen Angelini, Justice
     Rebeca C. Martinez, Justice
     Patricia O. Alvarez, Justice

Delivered and Filed:  March 25, 2015

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

Relator, Armando Hernandez, contends in this original habeas corpus proceeding that he was improperly held in contempt of court and committed to Bexar County jail for refusing to answer questions after asserting his Fifth Amendment privilege against self-incrimination on the advice of counsel. We agree and therefore grant the petition for writ of habeas corpus.

## Background

In response to questions propounded by opposing counsel during a hearing on a motion for injunctive relief, Hernandez asserted his Fifth Amendment privilege against self-incrimination. The trial court ordered Hernandez to answer the questions. Hernandez again refused, on the advice of counsel, asserting his Fifth Amendment privilege. The trial court found Hernandez in contempt

---

[1] This proceeding arises out of Cause No. 2014-CI-17077, styled *Armando Hernandez and Nancy Hernandez v. Mario Saldivar, Fernando Saldivar, Jorge Calderon and Jorge Saldivar*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

for violating its order to answer, and ordered him into custody. The following day, Hernandez's counsel asked the trial court to reconsider its ruling, set aside the order of contempt and release Hernandez from custody. The trial court denied Hernandez's request to reconsider.

Hernandez filed his petition for writ of habeas corpus in this court, seeking release from custody, and to have the order of contempt withdrawn. After Hernandez paid the bond set by this court on February 26, 2015, we ordered his release from custody pending this court's determination of his petition for writ of habeas corpus. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Despite our request for a response to the petition, no response has been filed on behalf of the respondent or the real parties in interest.

## Analysis

This court has jurisdiction to issue a writ of habeas corpus when it appears that a person's liberty has been restrained for "the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d); *see also Ex parte DeLeon*, 972 S.W.2d 23, 24-25 (Tex. 1998) (orig. proceeding) (discussing jurisdiction of appellate courts to issue habeas relief in civil cases). The trial court's order finds Hernandez in contempt of court for refusing to answer six questions posed by opposing counsel. The court ordered Hernandez confined to Bexar County jail until he agreed to provide answers to those questions, or until the expiration of 180 days. Hernandez argues that he had a good faith basis for asserting his Fifth Amendment privilege to the six questions he refused to answer and, therefore, should not have been held in contempt. We agree.

A witness may properly invoke the privilege against self-incrimination in a civil proceeding as to any disclosure which he reasonably believes could be used in a criminal prosecution, or that could lead to other evidence that could be used in a criminal prosecution, against him. *Kastigar v. United States*, 406 U.S. 441, 445 (1972). But, when a witness refuses to

answer questions based on his Fifth Amendment privilege, "he is not the exclusive judge of his right to exercise the privilege." *DeLeon*, 972 S.W.2d at 25 (*citing Ex parte Butler*, 522 S.W.2d 196, 198 (Tex. 1975)). The trial court is entitled to determine whether the witness's refusal appears to be based on a good faith belief, justifiable under the circumstances, that providing an answer to the question is "likely to be hazardous to him." *Id*. The witness cannot be forced to disclose, in the process of the trial court's evaluation, the very information the privilege is intended to protect. *Id*. Asking the witness to provide an explanation for why he cannot answer a question, or to explain what may be potentially incriminating about the answer, is also problematic. *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951) ("To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."). Before the witness may be compelled to answer, the trial judge must determine, based on all of the circumstances, that the answers sought cannot possibly have any tendency to incriminate the witness. *Id.* at 488.

In the civil suit underlying this original proceeding, counter-plaintiffs and intervenors have alleged that Hernandez and his wife stole significant sums of money through a fraudulent investment scheme. The allegations in the civil suit include violations of the Texas Securities Act, breach of fiduciary duty, and fraud. The facts and conduct alleged to provide the basis for these claims may also carry the potential to be associated with criminal charges. *See, e.g*., TEX. REV. CIV. STAT. ANN. art. 581-29 (West Supp. 2014) (providing penal provisions for violations of the Texas Securities Act).

At the evidentiary hearing on the counter-plaintiffs' request for temporary injunctive relief, Hernandez refused to answer a series of questions related to his business affiliations and sources of income, the nature and location of his assets and the location of the allegedly stolen funds. Given

the circumstances, we cannot say that Hernandez's assertion of his Fifth Amendment privilege with respect to these questions was not in good faith. *See De Leon*, 972 S.W.2d at 25. The nature of the claims against him in the civil suit provide a reasonable basis for concern about the potential for criminal charges related to Hernandez's financial and business dealings, as well as his sources of income.

### Conclusion

We conclude Hernandez's assertion of his privilege against self-incrimination was made in good faith. The trial court's order finding Hernandez in contempt and committing him to custody after asserting his Fifth Amendment protection against self-incrimination was improper. Accordingly, we grant Hernandez's petition for writ of habeas corpus and order him discharged. TEX. R. APP. P. 52.8(c).

PER CURIAM