**Scott R. KIDD and Sisters of Charity of the Incarnate Word, d/b/a St. Edward's Hospital, Relators,**

v.

**Honorable Charles LANCE, Judge, Respondent.**

**No. 3-90-047-CV.**

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Douglas W. Alexander, Brown Maroney & Oaks Hartline, Austin, for relators.

Alan J. Winters, Houston, for real parties-in-interest, Orlia and Janice Dunsmoor and on behalf of respondent, Hon. Charles Lance, Judge.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

This mandamus action arises out of a hotly contested personal injury action. The district court concluded that the attorney for the hospital intentionally disregarded an order granting a motion in limine, and after the jury had returned its verdict, granted the plaintiffs' motion for mistrial and imposed substantial sanctions against the attorney and the hospital.

■ We find that the district court failed to accord the attorney the due process protections provided in section 21.002 of the Texas Government Code, and that the sanctions imposed exceed the trial court's authority. Tex. Gov't Code Ann. § 21.002 (1988 & Supp.1990). We will conditionally grant the requested mandamus relief and order the sanctions set aside.[1]

### THE CONTROVERSY

The plaintiffs sued three Milam County doctors and a Cameron hospital for damages caused by alleged medical negligence. Plaintiffs settled with the doctors shortly before trial for over $300,000 in cash and an annuity paying $850 per month for not less than 30 years.

During the pre-trial hearing, the district court granted the plaintiffs' motion in limine and, among other things, ordered the hospital not to mention the plaintiffs' assets or net worth without first obtaining leave of court. Nonetheless, in response to testimony by one of the plaintiffs on direct examination about her financial worries, the attorney for the hospital questioned her about the settlement with the doctors.

The district court granted the plaintiffs' objection to the questioning; gave the jury a lengthy instruction to disregard the evidence regarding the settlement; and then deferred its decision on the plaintiffs' motion for mistrial until the jury returned its verdict. Some weeks after trial, the plaintiffs reurged their motion for mistrial and also requested sanctions for the attorney's "unethical misconduct."

### THE SANCTIONS

The district court ordered the hospital and the attorney to pay over $53,000 in

1. At the outset, we note that the validity of a contempt order is generally reviewable only by way of a writ of habeas corpus. *See, e.g., Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956). Here, however, there is no order of confinement, and mandamus is the only remedy available to relators. *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824 (1960).

attorney's fees; reinstated a cause of action against the hospital that it had already dismissed; struck the hospital's pleadings; and granted default judgment for the plaintiffs on all liability issues. Finally, the district court granted a new trial for the plaintiffs on damages, and ended all further discovery proceedings by the hospital pending the new trial.

## DISCUSSION AND HOLDINGS

According to the real parties in interest, plaintiffs in the underlying cause, the attorney for the hospital "deliberately violated the Trial court's order" and "intended to introduce error as a trial tactic." The hospital cites *Bristol–Myers Co. v. Gonzales*, 561 S.W.2d 801 (Tex.1978), and responds that the cross-examination in question was proper as impeachment. The hospital contends that its attorney did not violate the court's order because the plaintiffs put their financial condition in issue.

We have reviewed the motion, the court's order, and the record of the exchange at issue, and we appreciate the understandable frustration felt by the district court when faced with attorneys who let the "heat of battle" influence their conduct before the court. No doubt it would have been better practice for the hospital's attorney to approach the bench and seek leave of court before attempting to impeach the plaintiff with questions regarding the existence of the substantial settlement with the co-defendants.

However, for the purpose of this proceeding, we need not decide whether the cross-examination violated the court's order. Instead, we have assumed that the attorney deliberately violated the order and that the district court would have been justified in holding the attorney in contempt.

▮ Having done so, we find that the district court failed to follow the due process procedures laid out in section 21.002(d) of the Texas Government Code and that the sanctions assessed against the attorney far exceed those allowed in section 21.002. We can find no foundation whatsoever for any of the sanctions assessed against the

hospital. Tex. Gov't Code Ann. § 21.002(d) (Supp.1990).

Before this Court, the real parties in interest defend the district court's order by arguing that the sanctions were not imposed for "contempt" pursuant to section 21.002 of the Government Code, but rather for "misbehavior" under section 82.061. Tex. Gov't Code Ann. § 82.061 (1988). They contend that the section 21.002 procedural requirements are not applicable. We disagree.

Under their argument, a district court must comply with the section 21.002 standards before it can fine an attorney $500, and yet, the same district court can assess the same attorney over $53,000 in attorney's fees under section 82.061 without such procedural niceties. We find nothing in section 82.061 to suggest that the due process safeguards provided in section 21.002 are not also required in proceedings under section 82.061. We hold to the contrary that such safeguards are applicable to section 82.061 proceedings and were not followed in this instance.

As to the sanctions against the hospital, the real parties in interest cite no cases where the section 82.061 authority to discipline *an attorney* for misbehavior has been extended to support the imposition of sanctions against *a party*, and we find none.

## CONCLUSION

Accordingly, we find the district court's order of December 13, 1989, void except for that portion of the order that granted plaintiffs' request for a new trial. The writ of mandamus is conditionally granted, but will not issue if the offending sections of the December 13, 1989, order are set aside.