**Ex parte Paul E. DELCOURT.**

No. D–4560.

Supreme Court of Texas.

June 22, 1994.

Shawn Casey, Houston, for petitioner.

Roland Kemp, Houston, for respondent.

**OPINION**

PER CURIAM.

We withdraw our prior opinion and substitute the following.

This petition for writ of habeas corpus arises from the enforcement of a temporary order in a divorce proceeding. The order provided, in part, that Paul Delcourt would make certain monthly payments for his wife. When Delcourt quit making payments because the underlying debt had been extinguished, his wife filed a contempt motion, asserting some forty-four different counts. The trial court found Delcourt in contempt for some of the counts and issued its *first* contempt judgment and commitment order. Approximately two weeks later, while Delcourt had the first order under consideration by a court of appeals on petition for writ of habeas corpus, the trial judge signed a *second* contempt judgment and commitment order, purporting to find additional violations for which he held Delcourt in contempt. This second commitment order issued without any additional hearing or notice.

The court of appeals discharged relator from all incarceration under the first commitment order. Delcourt filed petition for writ of habeas corpus in this court for his confinement under the second order. The real party in interest, though duly requested to respond, filed no reply before motion for rehearing. We consider here only the second commitment order. If that order be considered a new commitment, not issued under the first hearing, then it issued without notice and hearing and is void for denying Delcourt due process. *Ex parte Barnett,* 600 S.W.2d 252, 256 (Tex.1980). Conversely, if the second commitment order issued as a result of the first contempt hearing, then no written commitment was signed sufficiently close to the time the judge pronounced the contempt to satisfy due process requirements, and Delcourt's commitment is again void for lack of due process. *Ex parte Calvillo Amaya,* 748 S.W.2d 224, 224–25 (Tex. 1988). Under either possibility relator's due process rights have been violated, and the

trial court's actions conflict with the opinions of this court. We reject the argument on motion for rehearing, that *Amaya* applies only to the *first* commitment order signed after a hearing, and that subsequent additional contempt judgments and commitments may be freely signed weeks later. We overrule the motion for rehearing. Without hearing argument, a majority of the court grants Paul Delcourt's petition for writ of habeas corpus and orders him discharged. TEX. R.APP.P. 122.