### In re Milton SELLERS, Relator.

#### No. 01–98–00275–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1998.

Dianne Richards, Houston, for Appellants.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

The proceeding arises from an order holding Milton Sellers, the relator, in contempt for failure to pay child support. The real party in interest is Nancy Sellers, the relator's former wife and the mother of their child. In his petition for writ of habeas corpus the relator alleges he is illegally restrained.

On December 4, 1997, after the hearing on Nancy's motion for contempt, the trial judge signed an order of commitment. The relator was released from custody that same day, apparently because the Sheriff did not have the written commitment order. On December 19, 1997, the court signed a more extensive commitment order that made no mention of the December 4 commitment order. On March 10, 1998, the relator surrendered himself to the Sheriff and was incarcerated. On March 12, 1998, we issued an order authorizing his release upon his posting bond, pending our decision of this matter.

### The Divorce & Contempt Proceedings

The hearing on the Sellerses' divorce occurred June 7, 1996. We have no transcript of that hearing in the appellate record. On June 18, 1996, the trial court signed the decree dissolving the marriage of the relator and Nancy.

On October 31, 1997, Nancy filed a motion for enforcement of child support order by contempt. In it she alleged the relator violated the decree by not making all the child support payments required for the period from June 15, 1996 through October 15, 1997. With the motion, Nancy included a chart which showed the dates child support payments were due and the amounts that were paid. The total arrearage she alleged as of October 15, 1997, was $5,575, which did not include interest. Neither the motion nor the chart mentioned interest on the unpaid amounts. In her motion, Nancy requested that "Respondent be held in contempt, jailed, and fined for each violation alleged above." She also requested, "Confirmation of all arrearage shown at trial and rendition of judgment plus prejudgment and postjudgment interest. . . ."

At the contempt hearing, Nancy testified that June 15, 1996, the date the relator's child support obligation was to commence, was after the date of rendition of the decree, but before the decree was signed. In the December 4, 1997 commitment order, the court found the relator in contempt of the June 18, 1996 decree because he did not pay child support in the amount of $6,002.75. The commitment order referenced an at-

tached table showing the payment due on June 15, 1996, unmade and interest recorded for various dates as part of the relator's accrued, but unpaid obligations. For not paying the $6,002.75, the court assessed the relator punishment of confinement in jail for 180 days.

The relator presents six issues for review.

## A. The December 19 Order

In issue six, the relator contends the December 19 commitment order is void. We agree.

■ In *Ex parte Delcourt*, 888 S.W.2d 811, 812 (Tex.1994), the trial court issued a contempt judgment and commitment order. Two weeks later, after Delcourt had filed a petition for writ of habeas corpus, the trial court issued a second contempt judgment and commitment order, without additional notice or another hearing. *Id.* The Supreme Court said that if the second commitment order was issued as a result of the first contempt hearing, then it was not signed sufficiently close to the time the judge pronounced the contempt to satisfy due process and was void. *Id.* In this case, the December 19 commitment order issued more than two weeks after the December 4 contempt hearing. Here, as in *Delcourt*, the second commitment order is void because it was not signed sufficiently close in time to the time the judge pronounced contempt to satisfy due process requirements.

We sustain issue number six.

## B. The December 4 Order

### 1. Child support for June 15, 1996

■ In issues one and two, the relator asserts the commitment order is void because it holds him in contempt for not making the June 15, 1996 payment, which predated the court's signing of the divorce decree. We agree.

■ A contemnor cannot be held in constructive contempt of court for conduct that occurred before the court's order is reduced to writing. *See Ex parte Chambers,* · 898 S.W.2d 257, 262 (Tex.1995); *see also Dunn v. Street,* 938 S.W.2d 33, 35 n. 3 (Tex.1997) (in a mandamus proceeding to determine the propriety of a disqualified judge's issuance of a show cause order on the issue of Dunn's violation of an oral order, the court stated, "any such constructive contempt judgment against Dunn would be void because Dunn did not violate a *written* order of the trial court." (Emphasis added). It is the written order, signed by the court which evidences a party's rights and duties. *Ex parte Price,* 741 S.W.2d 366, 367 (Tex.1987).

In the December 4, 1997 commitment order, the court held the relator in contempt for a number of items. However, one of those, not paying $200 in child support on June 15, 1996, predated June 18, 1996, the date the court signed the decree giving rise to the obligation. Under *Chambers,* 898 S.W.2d at 262, the commitment order is void.

We sustain issue number one and two.

## Conclusion

The trial court assessed a single period of 180 days for all the contemptuous acts it found. It did not attribute a portion of the 180 days assessed to the nonpayment of the June 15 obligation. Therefore, we cannot reform the order to salvage a portion of the punishment unaffected by these issues. *See Ex parte Davila,* 718 S.W.2d 281, 282 (Tex. 1986) (when contempt judgment shows a lump sum that plainly includes amounts that could not be the basis of a contempt finding at the time of the hearing, the entire judgment is tainted); *Ex parte Sealy,* 870 S.W.2d 663, 667 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding) ("If one punishment is assessed for more than one act of contempt, and one act is not punishable by contempt, the entire judgment is void.").

In light of our resolution of issues one, two, and six, it is not necessary to address the relator's other issues. We order the relator released from his bond and discharged from the sheriff's custody.