# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00047-CV

### John Sutphin, Jr. Appellant

### v.

### Tom Arnold Drilling Contractor, Inc., Appellee

### &

### In re John Sutphin, Jr., Relator

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 4079, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING

In a consolidated mandamus and appeal proceeding, John Sutphin, Jr. challenges the trial court's order holding him in contempt, assessing a fine for each act of contempt, and awarding attorney's fees to appellee/respondent Tom Arnold Drilling ("Arnold").[1]  Based on Arnold's concession on the issue of attorney's fees, we will modify the trial court's judgment to eliminate the award of attorney's fees, and, as modified, affirm.  Tex. R. App. P. 42.3(b).

#### Factual and Procedural Background

Following our decision in *John Sutphin, Jr. v. Tom Arnold Drilling Contractor, Inc.*, 17 S.W.3d 765, 775 (Tex. App.—Austin 2000, no pet.) (*Sutphin I*), that the Williamson County

---

[1]  The petition for writ of mandamus was initially filed as cause 03-01-00046-CV.  It was consolidated into cause 03-01-00047-CV, *John Sutphin, Jr. v. Tom Arnold Drilling Contractor, Inc.*

Court at Law had jurisdiction over Sutphin to hold a show cause hearing to determine whether he was in contempt, that court held such a hearing at which Sutphin appeared and testified. The trial court found Sutphin in contempt for filing two false affidavits[2] containing three false statements in each affidavit, for a total of six false statements. (In each affidavit, two statements are identical for a total of four. In the two affidavits there is an additional statement in each not the same, which the court found to be false.) The court found Sutphin in contempt and fined him $500 for each statement for a total fine of $3000. The court also awarded attorney's fees from Sutphin to Arnold as a sanction. Sutphin brought a petition for writ of mandamus from the judgment, contending that there is no direct appeal from a contempt judgment. Sutphin also, in an abundance of caution, brought a direct appeal on the attorney's fees issue, maintaining those to be improper. Arnold has now conceded in the direct appeal that the attorney's fees awarded are improper and seeks a remand to pursue those fees against Semco, the corporation. Under the posture of the case, a remand would be improper because Arnold sought the show cause only against Sutphin individually; accordingly, the judgment on appeal is against Sutphin, not Semco. Therefore, based on Arnold's concession, we modify the judgment against Sutphin to eliminate the award of attorney's fees. We now proceed to a discussion of the contempt order and fine.

---

[2] As discussed in *Sutphin I*, the affidavits at issue were filed in support of a special appearance by Semco in trial court cause 4079, which was dismissed based on the grant of Semco's special appearance. Sutphin is the president and sole stockholder of Semco. *Sutphin*, 17 S.W.3d at 767. We will not repeat the entire discussion from *Sutphin I* of the factual and procedural history of the case.

2

**Discussion**

A contempt order that involves only a fine, not confinement, is reviewed through a mandamus action. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); *Kidd v. Lance*, 794 S.W.2d 586, 587 n.1 (Tex. App.—Austin 1990, orig. proceeding). The parties agree that the standard of review is abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A court abuses its discretion when it acts in an unreasonable or arbitrary manner or when the court acts without reference to any guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). The parties join issue over whether the contempt is civil or criminal. The judgment punishes Sutphin for past acts; no action on his part will allow him to avoid payment of the fine. It is therefore a judgment for criminal contempt. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 667 (Tex. App.—Fort Worth 2001, pet. denied); *Ex parte Busby*, 921 S.W.2d 389, 391 (Tex. App.—Austin 1996, pet. ref'd).

Sutphin contends that the burden of proof at trial was "beyond a reasonable doubt." In essence, Sutphin argues that there is no evidence to support the trier of fact's "verdict" of contempt.[3] Under an abuse of discretion review, legal sufficiency is not an independent ground of error, but a relevant factor in assessing whether the trial court abused its discretion. *See Doyle v.*

---

[3] Sutphin argues throughout that the statements made in the affidavits to support the special appearance are "conclusory." *See Sutphin*, 17 S.W.3d at 767. Consequently, he argues that conclusory statements cannot be false. If the trial court relied on these conclusory statements, that reliance was improper, Sutphin contends. As discussed in *Sutphin I*, a special appearance is peculiarly dependent on affidavits. *Id*. at 772. Sutphin cannot present affidavits in a judicial proceeding, achieve his desired result for his corporation, then repudiate those affidavits as "conclusory" and inadequate to support the result. *See generally Newman v. Link*, 889 S.W.2d 288, 289 (Tex. 1994) (doctrine of estoppel to appeal based on acceptance of benefits of judgment); *Cooper v. Bushong*, 10 S.W.3d 20, 23 (Tex. App.—Austin 1999, pet. denied) (same).

*Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.). When the appellate court reviews the evidence in a criminal case, it determines whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review the evidence in the light most favorable to the verdict. *Id.* In a mandamus, we do not weigh the evidence that supports the trial court's contempt finding; we determine whether a contempt judgment is void because there is no evidence of contempt. *Long*, 984 S.W.2d at 625.

The trial court held a hearing on the motion to show cause. The court had before it evidence showing a volume of business done and contacts with Texas that contradicted the statements made in the affidavits about the lack of business and sales in Texas.[4] These affidavits were signed under oath, as shown by the affidavits. These statements were filed to support the claim that Semco was not amenable to the trial court's jurisdiction; as such, Sutphin intended for the court to rely on them. Sutphin swore that these statements were within his personal knowledge. The documentary evidence covered the period about which Sutphin testified in his affidavit and constituted evidence that he knew the statements were false when made. The trial court found it had relied on these statements in granting the special appearance.

The evidence is sufficient to support the trial court's findings of fact. The trial court did not abuse its discretion by concluding that Sutphin committed acts of contempt against the court. Accordingly, we deny Sutphin's petition for writ of mandamus. As discussed above, Arnold has

---

[4] As discussed in *Sutphin I*, during discovery in the federal diversity action filed by Arnold against Semco, Arnold gained access to the contents of a motor vehicle dealer complaint file maintained by the Colorado Department of Revenue that showed systematic and continuous business dealings in Texas from 1996 to 1998. *Sutphin*, 17 S.W.3d at 767. The trial court at the contempt hearing also had before it evidence in the form of business records from Texas businesses.

conceded the issue of attorney's fees. Therefore, we modify the trial court's judgment to eliminate the award of attorney's fees, and as modified, affirm.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Mandamus Denied; Modified and, as Modified, Affirmed

Filed:   February 14, 2002

Do Not Publish

5