**In re Michael EASTON, Relator.**

No. 14–06–00674–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 2006.

Rehearing Overruled Oct. 13, 2006.

Brad Beers, Houston, for relator.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## MAJORITY OPINION

J. HARVEY HUDSON, Justice.

Michael Easton, relator, seeks relief from his alleged unlawful restraint. Relator specifically requests that we set aside the show cause order of the Honorable Mike Wood, Judge of Harris County Pro-

bate Court Number Two, and related writ of attachment. We deny the relief sought by relator.

This matter arises out of a contested appointment of a guardian of the person and estate of Perry Lee Whatley. It is sufficient, here, to note simply that on August 3, 2005, Dawn Johnson Whatley, the wife of Perry Lee Whatley, filed a motion to recuse Judge Wood from presiding over the matter. On August 8, 2005, Whatley filed an amended motion to recuse Judge Wood. Judge Wood referred the amended recusal motion to the presiding judge of the statutory probate courts, who assigned the motion to the Honorable Russell Austin, Judge of Harris County Probate Court Number Four.[1] Another party, Susan C. Norman, then filed a motion to recuse Judge Austin. The motion to recuse Judge Austin was ultimately denied, as was the motion to recuse Judge Wood.

However, on September 9, 2005, Whatley filed a second motion to recuse and disqualify Judge Wood. On September 12, 2005, Dawn Whatley filed a third motion to recuse and disqualify Judge Wood. Judge Wood referred these motions to the presiding judge, who appointed Judge Gladys Burwell to hear these matters. Judge Burwell subsequently denied the September 12 motion, but made no ruling on the September 9 motion. After this omission was brought to her attention, Judge Bur-

well recently denied the motion to recuse filed on September 9, 2005.[2]

■ While a motion to recuse is pending, the legislature has provided that "the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion." TEX.R. CIV. P. 18a(d). However, during the pendency of the second motion to recuse, relator allegedly attempted to communicate with Judge Wood via his private email address. Relator's status as a party and his interest in the case are uncertain, but to curtail the alleged communications, Judge Wood issued the following order on February 7, 2006:

> On this day the Court on its own motion orders that all counsel, specifically including Michael Easton, pro se, are to cease and desist using Judge Mike Wood's personal email address. Such action constitutes *ex parte* communication with Judge Wood.

Relator, along with two licensed attorneys, filed a motion to vacate the order on the ground that they had no advance notice, no opportunity for a hearing, and were denied due process by the court's unilateral act. They also claimed they were being improperly enjoined "from doing something that the taxpayers would otherwise be able to do." [3]

On February 17, 2006, a hearing was held on relator's motion to vacate the February 7 order not to engage in ex parte

---

**1.** *In re Norman,* 191 S.W.3d 858, 860 (Tex. App.-Houston [14th Dist.] 2006, orig. proc.)

**2.** *In re Whatley,* No. 14–05–01222–CV, 2006 WL 1490161, at *4 (Tex.App.-Houston [14th Dist.] Jun. 1, 2006, orig. proc.).

**3.** It may be a common misconception among laymen that they are free to engage in ex parte communications with a judge about a pending case. However, an officer of the court should have no such illusion. Ex parte

communications with a court regarding a pending case are always improper and, in some instances, may constitute a criminal offense. *See* TEX. PEN.CODE ANN. § 36.04 (Vernon 2003); TEX. DISCIPLINARY R. PROF'L CONDUCT 3.05, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9); Tex.Code Jud. Conduct, Canon 2(B), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 2005).

communications. At that hearing, Judge Wood spoke directly to relator and advised him that "An e-mail to my e-mail address is an ex parte communication. It is forbidden. If you do it again, or if anybody does it again, I am going to hold you in contempt." Notwithstanding these explicit instructions, relator allegedly sent an email to Judge Wood's personal email address the following day, February 18, 2006.

The court issued a personal citation commanding relator to appear at 9:30 a.m. on August 3, 2006, to show cause why he should not be held in contempt. Relator failed to appear. Accordingly, the trial court has issued a writ of attachment for relator's arrest.

■■■ The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain whether the relator has been confined unlawfully. *In re Turner*, 177 S.W.3d 284, 287–88 (Tex.App.-Houston [1st Dist.] 2005, orig. proc.). This court has jurisdiction to issue a writ of habeas corpus when it appears there is some "restraint of liberty" by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004).

Here, relator is not in actual confinement. To our knowledge, he is still evading the writ of attachment. Relator refers us to the holding in *Ex parte Casillas* as constituting some authority that a pending arrest warrant constitutes "restraint of liberty." 25 S.W.3d 296 (Tex.App.-San Antonio 2000, orig. proc.). In that case, the contemnor had already been found in contempt. The contemnor failed to appear at a subsequent punishment hearing, and the trial court sentenced the contemnor to 180 days in jail. The court of appeals noted that the contemnor's whereabouts were unknown, but that her liberty had been restrained for the purposes of entertaining her application for writ of habeas corpus. We would first observe that the facts in *Casillas* are distinctly different from the ones presented here. Here, relator has not been found in contempt and no punishment has been imposed. Moreover, the opinion of our sister court in San Antonio is not controlling authority.

■■■ We are aware that courts have extended the meaning of the term "restraint of liberty" beyond *actual* imprisonment. The Texas Supreme Court, for example, has held that when a contemnor is sentenced to jail and released on bond pending review by habeas corpus, there is sufficient restraint of liberty to justify issuance of the writ of habeas corpus. *See Ex parte Williams*, 690 S.W.2d 243, 244 (Tex.1985). Courts have also extended the meaning of restraint to include probation. *In re Pierre*, 50 S.W.3d 554, 558 (Tex.App.-El Paso 2001, orig. proc.). However, we are reluctant to make a further extension of this doctrine and hold that the mere threat of arrest or the evasion of a warrant constitutes some form of "restraint." Accordingly, we perceive no jurisdiction to entertain an application for a writ of habeas corpus.

However, relator's requested relief, i.e., to set aside the show cause order and writ of attachment, is more in the nature of a writ of mandamus than a writ of habeas corpus. But even if we were to construe relator's application for a writ of habeas corpus as a petition for a writ of mandamus, his contentions nevertheless fail on their merits.

■■■ In his first issue, relator contends all of Judge Wood's aforementioned actions and orders are void because several motions for recusal were still pending

against Judge Wood. As we have previously noted, Whatley's motion of September 9, 2005, was unresolved at the time Judge Wood issued his order of February 7, 2006. Moreover, relator contends he filed a motion to recuse Judge Wood on November 3, 2005, that is still pending.[4] However, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). If a court is to be a court, it must possess certain inherent powers "which cannot be dispensed with ... because they are necessary to the exercise of all others." *Id.*

■■■ Further, the inherent judicial power of a court

... is not derived from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities. The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. Inherent power of the courts has existed since the days of the Inns of Court in common law English jurisprudence. ... It also springs from the doctrine of separation of powers between the three governmental branches. TEX. CONST. Art. II, Sec. 1. This power exists to enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity.

*Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex.1979). Among the inherent powers of a court are the power (1) to change, set aside or otherwise control their judgments, (2) to summon and compel the attendance of witnesses, (3) to punish by contempt, (4) to regulate the admission and practice of law, (5) and to provide personnel to aid the court in the exercise of its judicial function. *Id.* at 399 n. 1. These powers are governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers*, 501 U.S. at 43, 111 S.Ct. 2123.

Finally, we do not perceive Judge Wood's orders prohibiting ex parte communications, his show cause order, or the writ of attachment as having any relation to the underlying guardianship dispute. The Rules of Civil Procedure provide that while a recusal motion is pending "the judge shall make no further orders and shall take no further action *in the case.*" TEX.R. CIV. P. 18a(d) (emphasis added). By his aforementioned orders, Judge Wood has taken no action in disposing, adjudicating, or resolving any aspect of the underlying case.

■■■ Rule 18a(d) is designed to be a shield, not a sword. It does not permit a party to file a motion to recuse and then disobey, insult, antagonize, or disrespect the court with impunity.

■■■ In a second issue, relator contends that Judge Wood should not be permitted to be "the complainant, sole witness, and trial judge." The legislature has provided that an officer of the court "who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence." TEX. GOV'T CODE ANN.

---

**4.** Apparently, there is some dispute as to whether relator has standing to file a motion to recuse. That issue, however, has not been raised, briefed, or brought before us.

§ 21.002(d) (Vernon 2004). Further, the "presiding judge of the administrative judicial region in which the alleged contempt occurred shall assign a judge who is subject to assignment by the presiding judge other than the judge of the offended court to determine the guilt or innocence of the officer of the court." *Id.* However, Judge Wood has not had an opportunity to conduct a show cause hearing, relator has not yet been held in contempt, and no punishment has been assessed. Further, relator is not an attorney, does not claim to be an officer of the court, and has not sought a hearing before another judge because it is premature to do so. Only after the offended judge has made a determination that an officer of the court is in contempt does the contemnor have the right to a hearing before another judge. *Ex parte Avila,* 659 S.W.2d 443, 445 (Tex.Crim.App.1983). Thus, *if* relator is entitled to a hearing before another judge pursuant to Section 21.002(d), he must first appear before Judge Wood.

Accordingly, we deny relator's petition for writ of habeas corpus.

SEYMORE, J., dissenting.

CHARLES SEYMORE, Justice, dissenting.

I withdraw my dissenting opinion of August 10, 2006 and issue this corrected opinion.

Consistent with our original and supplemental opinions in *In re Whatley,* 2006 WL 1490161 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding), Judge Wood was required to recuse himself or request assignment of another judge in the case prior to taking any *"further action in the case." See* TEX.R. CIV. P. 18a(d). The order which is the subject of Judge Wood's show cause proceeding was entered on February 7, 2006, during the pendency of the September 9, 2005, motion to recuse.

The majority has drawn a fine line by implicitly concluding that Judge Wood was not taking *"further action in the case"* when he signed the February 7, 2006 order.

I agree with the majority that Judge Wood has the power, inherent in his Office, to deal with persons who disobey lawful orders. However, upon issuance of our original and supplemental opinions, the order sought to be enforced was rendered void. Accordingly, I respectfully dissent.