Opinion issued November 3, 2006






In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-06-00733-CV
____________

IN RE AURELIO SOTELO FLORES, Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINIONRelator, Aurelio Sotelo Flores, has filed a petition for a writ of habeas corpus,
challenging an order of capias for his arrest issued in the trial court.


 In his petition,
relator asserts that the trial court’s underlying child support order, which the real
party in interest, Letisia Cuevas, seeks to enforce, is ambiguous and void.


 Relator
is not physically restrained, and the trial court has not adjudicated him to be in
contempt. The trial court issued its order of capias for relator’s arrest because he did
not appear at a May 25, 2006 hearing on Cuevas’s motion to enforce the child support
order. As of the date of the petition, the capias had not been executed, and, as of the
date of the opinion, it remains unexecuted.
Restraint
          To obtain habeas corpus relief, the relator’s liberty must be restrained. Texas
Government Code, section 22.221(d) provides that we may 
issue a writ of habeas corpus when it appears that the restraint of liberty
is by virtue of an order, process, or commitment issued by a court or
judge because of the violation of an order, judgment, or decree
previously made, rendered, or entered by the court or judge.
Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004). Here, the trial court did not hold
the hearing on the motion to enforce, and its order to appear is the only order the trial
court could have determined relator violated. Because relator has not been
adjudicated in contempt of the trial court’s child support order, the issue of whether
it is ambiguous or void is premature.



Conclusion
          We dismiss relator’s petition for want of jurisdiction because the issue about
which relator complains is not ripe for consideration in this habeas proceeding.


 See
In re Easton, No. 14-06-00674-CV, slip op. at 3, 2006 Tex. App. LEXIS 7095 (Tex.
App.—Houston [14th Dist.] Aug. 10, 2006, orig. proceeding) (held court of appeals
has no jurisdiction to entertain application for writ of habeas corpus when trial court
had issued writ of attachment for relator’s arrest because he had failed to appear for 
contempt hearing, but was not confined and, to the court’s knowledge, was still
evading writ of attachment).
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Higley.