# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00053-CV

### In re Hong Kong Dajiang Innovation Technology Co., Ltd.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Hong Kong Dajiang Innovation Technology Co. Ltd. filed a petition for writ of mandamus asserting that a temporary restraining order that enjoined it from selling its products to certain customers was void and requesting that this Court "confirm that the [order] is void." Because mandamus is not an appropriate vehicle to make such a declaration, we construe this as a request for a writ of mandamus ordering the trial court to dissolve the temporary restraining order. While mandamus relief may have been available while the temporary restraining order was still in effect, however, Relator concedes that the order expired by its own terms when the district court signed a temporary injunction on January 22, 2014. Because the temporary restraining order is no longer in effect, the issue of whether it should be dissolved is moot.

Relator asserts that even though the temporary restraining order has expired, the Real Parties in Interest have threatened a contempt action based on Relator's alleged failure to comply with the order while it was in place. However, the proper vehicle for seeking relief from a judgment of contempt based on a void order is a habeas corpus proceeding. *See Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983) (court will issue writ of habeas corpus if order underlying

contempt is void).[1]  Even if we were to treat Relator's petition for writ of mandamus as an original habeas corpus proceeding, we would lack authority to grant relief because Relator has not established that its liberty has been constrained.  *See* Tex. R. App. P. 52.3(d)(4), (k) (relator must describe how it has been deprived of liberty and provide proof that it is being constrained); *Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (while applicant for writ of habeas corpus need not actually be confined, some character of restraint is required); *In re Easton*, 203 S.W.3d 438, 441 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (mere threat of arrest does not constitute "constraint" for purposes of habeas corpus); *In re Commitment of Richards*, 202 S.W.3d 779, 789 (Tex. App.—Beaumont 2006, pet. denied) (courts have, through habeas proceedings, reviewed various restrictions that do not amount to confinement); *Ex parte Alt*, 958 S.W.2d 948, 951 (Tex. App.—Austin 1998, no pet.) (writ of habeas corpus is not to be used as declaratory tool).

The petition for writ of mandamus is dismissed for lack of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:  February 13, 2014

_____

[1]  While mandamus may be an avenue for relief from a fine assessed under a contempt order that does not include an order of confinement, *see Deramus v. Thornton*, 333 S.W.2d 824 (Tex. 1960), Relator does not contend that any such order has been rendered.  *See also Kidd v. Lance*, 794 S.W.2d 586, 587 n.1 (Tex. App.—Austin 1990, orig. proceeding) (citing *Deramus*) (when there is no order of confinement, mandamus is only remedy available to party challenging validity of contempt order).

2