**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 28, 2014.**



In The

# 𝕱𝕺𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-14-00603-CV

---

### IN RE CHRISTOPHER SPATES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2001-61475**

---

## MEMORANDUM OPINION

On July 28, 2014, relator Christopher Spates filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks relief from an order issued by the Honorable Bonnie Crane Hellums, presiding judge of the 247th District Court of Harris County, in which the trial court found relator in contempt and ordered him

committed to the Harris County Jail. We construe relator's petition as a petition for writ of mandamus, and conditionally grant relief.

## I. BACKGROUND

In October 2013, the Office of the Attorney General of Texas ("OAG") filed in the 247th District Court a motion for enforcement of a child-support obligation pursuant to the Uniform Interstate Family Support Act, Chapter 159 of the Texas Family Code, against relator Christopher Spates. The motion alleged that relator was obligated to pay monthly child support under an order issued in August 2002, and that he was in arrears on that obligation. In addition to other relief, OAG asked the trial court to hold relator in both civil and criminal contempt.

The trial court held a hearing on OAG's motion on June 2, 2014, at which the trial court found relator in contempt and ordered him committed. The trial court, however, did not sign a written judgment of contempt or commitment order at that time, and relator was not confined at that time. Instead, the hearing was continued to July 1, 2014. At the subsequent hearing, the trial court signed a commitment order, and relator was confined in the Harris County Jail pursuant to that order. The commitment order referred to a purported judgment of contempt issued on June 2, 2014. But the trial court had not signed and did not sign a separate judgment of contempt, nor did the court include a judgment of contempt as part of the commitment order signed on July 1, 2014.[1]

---

[1] *See In re Markowitz*, 25 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (noting contempt judgment and commitment order may be combined in the same document).

Following his confinement, relator petitioned this court for a writ of habeas corpus. We granted relator's petition due to the absence of a signed contempt judgment. We accordingly vacated the commitment order dated July 1, 2014, and ordered relator discharged from custody. *See In re Spates*, No. 14-14-00525-CV, 2014 WL 3512902, *1 (Tex. App.—Houston [14th Dist.] July 15, 2014, orig. proceeding) (mem. op., per curiam).

After the writ issued, OAG filed a notice of hearing for July 25, 2014 for the purpose of signing an order related to its previously filed motion for enforcement. OAG did not file a new motion for enforcement and the trial court did not conduct a new contempt hearing after we granted habeas relief. At the July 25, 2014 hearing, the trial court signed a combined judgment of contempt and commitment order that referred back to the June 2, 2014 contempt hearing. In the order, the trial court finds relator in contempt for 11 instances of non-payment of child support obligations, orders relator confined for 180 days for criminal contempt, and also orders relator confined for civil contempt until he pays arrearages in the amount of $62,736.93.

Relator was not immediately confined pursuant to the trial court's July 25, 2014 order. He filed with this court the present petition for writ of habeas corpus shortly before his confinement in the Harris County Jail was scheduled to begin, and also filed an emergency motion for temporary relief. *See* Tex. R. App. P. 52.10. This court granted relator's motion for temporary relief, ordering that a scheduled commitment hearing as well as any commitment of relator be stayed pending our review of the petition.

## II. RELIEF SOUGHT AND STANDARD OF REVIEW

The purpose of a habeas corpus proceeding is to determine whether the relator has been unlawfully restrained. *In re Hall*, 433 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). Relator, however, has not been confined pursuant to the challenged July 25 order. This court has acknowledged that a restraint of liberty may occur in the absence of actual confinement, but we have done so only with respect to narrow circumstances, such as a release on bond pending habeas review, probation, or an outstanding capias. *See In re Easton*, 203 S.W.3d 438, 441 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *Ex parte Rosser*, 899 S.W.2d 382, 385 n.6 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

Although relator has been found in contempt and ordered committed, relator is not currently confined, is not released on bond pending review of his petition, is not on probation, and did not provide evidence that a capias has issued. In these circumstances, habeas relief is not available. *See Easton*, 203 S.W.3d at 441 (declining to hold in circumstances where the trial court had issued a writ of attachment for relator's arrest when relator failed to appear for a contempt hearing that a "mere threat of arrest or the evasion of a warrant constitutes some form of 'restraint'").

Where, as here, a relator is not currently restrained of his liberty, a contempt order may be challenged in the context of a mandamus proceeding. *See, e.g.*, *Snodgrass v. Snodgrass*, 332 S.W.3d 653, 660 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating court may review contempt order in a habeas proceeding if there is a restraint on relator's liberty, or in a mandamus proceeding if there is no

4

such restraint); *see also In re Evans*, 130 S.W.3d 472, 487 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding [mand. denied]) (exercising mandamus jurisdiction where contempt judgment had not been set aside, but relator had been released by the trial court from confinement pursuant to that judgment). And although relator petitioned this court for habeas relief, we will construe relator's petition as seeking mandamus relief. *See Easton*, 203 S.W.3d at 441; *see also In re Smith*, No. 14-05-01259-CV, 2006 WL 20381, *1 (Tex. App.—Houston [14th Dist.] Jan. 5, 2006, orig. proceeding) (mem. op., per curiam) ("[R]elator filed an instrument titled 'Application for Writ of Habeas Corpus.' Due to the relief sought, we construe the instrument as a petition for writ of mandamus in this court.").

In a mandamus or habeas proceeding challenging a trial court's contempt order, the relator is entitled to relief if he demonstrates that the challenged order is void. *See, e.g.*, *Hall*, 433 S.W.3d at 207 ("A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the trial court's power or because the relator has not been afforded due process."); *Snodgrass*, 332 S.W.3d at 663 ("In an original proceeding regarding a contempt order, this court will grant relief if a relator shows that the order underlying the contempt is void, or if the relator shows that the contempt order itself is void."); *see also Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Cases involving void orders present a circumstance warranting mandamus relief."). A contempt order and the order underlying it are presumed to be valid, and the relator bears the burden of proving otherwise. *Snodgrass*, 332 S.W.3d at 663.

# III. ANALYSIS

Relator presents five issues in his petition. We begin with his first issue, in which he asserts that the trial court's July 25, 2014 order violates his due process rights pursuant to the decisions of the Supreme Court of Texas in *Ex parte Anderson*, 900 S.W.2d 333 (Tex. 1995) (per curiam) (orig. proceeding), and *Ex parte Delcourt*, 888 S.W.2d 811 (Tex. 1994) (per curiam) (orig. proceeding).

In *Delcourt*, the trial court had found relator in contempt for certain violations, the relator sought habeas relief, and while the first order was under review by the court of appeals, the trial court issued—without notice or a further hearing—a second order finding relator in contempt for additional violations. 888 S.W.2d at 812. The supreme court concluded that the trial court's second contempt order violated relator's due process rights. The court reasoned that if the second contempt order were to be considered a new commitment that was not issued under the contempt hearing that resulted in the first order, then the second order issued without notice and a hearing. Alternatively, if the second contempt order was issued under the contempt hearing that resulted in the first order, then the second order was not signed sufficiently close in time to the pronouncement of contempt. *Id.*

In *Anderson*, the trial court had found relator in contempt and ordered him committed to jail, but the court of appeals thereafter granted habeas relief because of a defect in the trial court's contempt order. After the grant of habeas relief, the trial court signed—without a further hearing—a new judgment of contempt and commitment order that corrected the defect in its earlier order. 900 S.W.2d at 334. The supreme court concluded that its decision in *Delcourt* "governs this question,"

6

*id.*, and accordingly held that the trial court's second contempt order was void for violating relator's due process rights. *Id.* at 334–35.

We view the circumstances before us as being materially the same as the circumstances before the supreme court in *Anderson*. Relator here was confined in jail on July 1, 2014 without the trial court having signed a written judgment of contempt as is required. We granted relator habeas relief on July 15, 2014. The trial court then signed on July 25, 2014—without a further contempt hearing—a new contempt order correcting the deficiency we identified with the trial court's July 1 commitment order. Although the defect was corrected, the July 25, 2014 order was not signed sufficiently close in time to the pronouncement of contempt. Therefore, the July 25 order violates relator's due process rights, and, accordingly, is void. *See Anderson*, 900 S.W.2d at 334–35; *Delcourt*, 888 S.W.2d at 812; *see also In re Houston*, 92 S.W.3d 870, 878 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) ("The trial court may not modify a contempt judgment weeks after the original judgment has been entered and relator has sought habeas relief."). Relator is entitled to mandamus relief.[2]

## IV. CONCLUSION

We conditionally grant relator's petition for writ of mandamus, and direct the trial court to vacate its order dated July 25, 2014 finding relator in contempt and ordering him committed to the Harris County Jail. We are confident that respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.

---

[2] Because this issue is dispositive, it is not necessary to consider relator's remaining arguments.

We also lift our stay granted on July 29, 2014.


PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.