**GRANT; and Opinion Filed June 8, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00545-CV

## EX PARTE ALEJANDRO HUITRADO-SOTO

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-01954-R**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Schenck
Opinion by Justice Schenck

Before the Court is relator's May 9, 2016 petition for writ of habeas corpus in which he seeks to be discharged from civil confinement for failing to pay court-ordered child support and medical support. Relator filed this petition claiming the trial court's February 29, 2016 judgment of contempt and commitment order are void and his due process rights are being violated. On May 10, 2016, we issued an order setting bond and authorizing his release upon posting the same, pending our decision in this matter. We requested the real party in interest and respondent to file a response, although neither did so.

Relator and his former wife, Nury Aragon, were divorced September 3, 2015. The divorce decree ordered relator to pay monthly child support payments of $600 beginning November 1, 2015 and monthly medical support payments of $113 beginning May 1, 2015. In addition, the decree stated relator owed $6,981.33 in past due child support and $1,502.03 in past

due medical support and ordered him to repay the past due amounts at the monthly rates of $75 and $25 respectively beginning November 1, 2015.

In January 2016, Aragon filed a motion for enforcement of the child support order, asserting relator failed to pay child support and monthly installment payments on confirmed child support arrearages for November, December, and January. She also alleged he failed to pay medical support and owed nine monthly payments from May 1, 2015 to January 1, 2016.

The trial court held a hearing on February 29, 2016. After hearing evidence and the argument of counsel, the trial court found relator was in arrears for the period beginning May 1, 2015 through February 1, 2016 and held him in civil contempt of court. The court ordered relator to pay $3,530 in child support arrearages and $2,998.50 in attorney's fees and costs. In addition, the court held him in criminal contempt for failing to make any of the payments owed Aragon since their divorce was finalized, assessed a $500 fine, and sentenced him to 180 days confinement in Dallas County jail.

Relator filed this petition for writ of habeas corpus, alleging the judgment of contempt and commitment order are void. Specifically, he contends the trial court could not find him in contempt or assess punishment for contempt violations on amounts that accrued before the child support order was signed. After reviewing his complaints and the record, we agree.

A court may punish for contempt. TEX. GOV'T CODE ANN. § 21.002 (West 2004). A habeas corpus proceeding is a collateral attack on a judgment that imposes punishment for contempt. *In re Johnson*, 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). A petition for writ of habeas corpus does not inquire into the guilt or innocence of the relator, but only determines if the order of contempt was void. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). A contempt order is void if it is beyond the power of the court to

render it or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

The trial court's signed written order evidences the parties' rights and duties. *See Ex parte Price*, 741 S.W.2d 366, 367 (Tex. 1987) (orig. proceeding). A party cannot be held in constructive contempt of court for conduct that occurred before the court's order was reduced to writing. *Ex parte Chambers*, 898 S.W.2d 257, 262 (Tex. 1995); *see In re Sellers*, 982 S.W.2d 85, 87 (Tex. App.—Houston [1st Dist.] 1998, orig. proceeding) (relator could not be held in contempt for failing to pay $200 in child support due June 15, 1996 when trial court signed decree giving rise to obligation on June 18, 1996).

Here, the trial court's February 29, 2016 commitment order held the relator in contempt for failing to comply with the provisions of the divorce decree regarding child support and previously confirmed child support arrearages. It found and confirmed he was "in arrears in the amount of $3,530 for the period 05/01/2015 through 2/1/2016," ordered him to pay $500, and committed him to Dallas County jail for 180 days. Relator, however, cannot be held in contempt for failing to pay child support prior to September 3, 2015 because that was the date the court signed the decree giving rise to the obligation. *See Ex parte Chambers*, 898 S.W.2d at 262; *In re Sellers*, 982 S.W.2d at 87. Furthermore, because the trial court assessed a single period of 180 days confinement for all the contemptuous acts found, we cannot reform the order to salvage a portion of the punishment unaffected by these issues. *See Ex parte Davila*, 718 S.W.2d 281, 282 (Tex. 1986) (orig. proceeding) (when contempt judgment shows lump sum that plainly includes amounts that could not be the basis of contempt finding at time of hearing, "the entire judgment is tainted."); *Ex parte Linder*, 783 S.W.2d 754, 758 (Tex. App.—Dallas 1990, orig. proceeding) (when trial court imposes only one punishment for multiple acts of contempt, entire contempt

judgment is void if any one of acts that form basis of contempt finding is not properly punishable by contempt). Under these circumstances, we must conclude that the commitment order is void.

We therefore grant habeas corpus relief and vacate the February 29, 2016 "Order Holding Alejandro Huitrado-Soto in Contempt for Failure to Pay Child Support and Arrearages, Granting Judgment for Arrearages, and Suspending Commitment" issued by the 254th Judicial District Court of Dallas County, Texas in cause number DF-14-01954-R. We order that relator Alejandro Huitrado-Soto be unconditionally released and discharged from the custody of the Sheriff of Dallas County under the February 29, 2016 "Order Holding Alejandro Huitrado-Soto in Contempt for Failure to Pay Child Support and Arrearages, Granting Judgment for Arrearages, and Suspending Commitment." We further discharge any bond paid by relator in accordance with this Court's May 10, 2016 order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160545F.P05